## WILLIAM H. W. CUSHMAN
### *v.*
## CHARLES H. SUTPHEN.

1. INTEREST — *at what rate recoverable, under act of* 1849. Where, on bill filed to redeem from a mortgage, an amount is found to be due the mortgagee on the 19th of February, 1856, upon which the mortgagor had agreed to pay interest at ten per cent, the interest law of 1849, being then in force, would govern the rate of interest, and it appearing the transaction was not for money loaned, and usury being relied upon, only six per cent., was allowed.

2. SAME — *at what rate allowed in equity, where usury is reserved.* Where a mortgagor is seeking to redeem, and alleges usury, from which he seeks relief, although the statute under which the usury was reserved declared a forfeiture of all the interest, yet he will be required to pay six per cent, on the principle that he who asks equitable relief should do equity, and equity would require him to pay legal interest.

APPEAL from the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a suit in chancery instituted in the court below by Charles H. Sutphen against William H. W. Cushman, by which the complainant seeks to redeem from an alleged mortgage, executed by him to the defendant in the form of a deed, purporting to convey an absolute estate.

On the first hearing in the court below, the conveyance was decreed to be a mortgage, and the complainant was allowed to redeem upon paying to the defendant a certain sum. The complainant appealed from that decree, alleging the amount found to be due to the defendant was too large. The defendant assigned cross-errors, insisting the transaction was not a mortgage, but a conditional sale. The cause was heard in this court, on that appeal, at the April Term, 1864, when it was held that the transaction was a mortgage, but the decree was reversed and the cause remanded, with directions to the Circuit Court to refer the cause to the master, in order that further proof might be taken concerning the state of accounts between the parties. The case is reported in 35 Ill. 186, where all the

material facts, as presented on the former hearing, may be found.

In obedience to the remanding order of this court, the cause was referred to the master in the court below, and additional proofs taken. The only additional testimony in reference to the character of the transaction, as a mortgage or a sale, was that of the parties themselves, which was conflicting, and is not of sufficient importance, as affecting that question, to be given in detail here.

The master, in stating the account, allowed interest upon some of the items due the defendant at the rate of six per cent, when an usurious rate had been agreed upon. Exceptions were taken to the master's report by the defendant, but they were overruled by the court, and it was again decreed that the conveyance from the complainant to the defendant, though absolute in form, was, in substance and fact, a mortgage to secure a past and prospective indebtedness from the complainant to the defendant. It was further decreed, that the defendant held the title to the land as security for $1,887.84, which complainant was required to pay on or before the 10th of September, 1865, with six per cent interest from the tenth day of the preceding July; and, upon such payment being made, the defendant was required to convey the premises to complainant.

From this decree the defendant took this appeal, and now again insists the court erred in decreeing the conveyance to be a mortgage; but, if it is to be regarded in that light, the account is erroneously stated in allowing but six per cent interest, instead of ten per cent.

Mr. GEORGE C. CAMPBELL, for the appellant.

Messrs. LELAND & BLANCHARD and Mr. OLIVER C. GRAY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

After a careful review of the whole case, and after carefully considering the grounds of our former decision, when the case

17 — 42D ILL.

was previously before this court, we still adhere to the decision then made. We still hold that the deed from appellee to appellant, of the 19th day of February, 1856, must be regarded as a mortgage, or security for a pre-existing indebtedness, as well as for money then advanced, and for contemplated future advances. The last trial in the court below has disclosed no evidence which in our judgment should change the conclusion then announced. The only additional evidence on that question is the testimony of the parties themselves, and it is contradictory; one swearing it was intended only as a security, and the other, that it was an absolute conveyance. In this conflict we can only look to the corroborating evidence in the case to settle the repugnance; and we think it sustains the version given of the transaction by appellee. Holding the deed to be but a security, the court below decided correctly in referring the case to a master to state the accounts.

When the former decree was reversed, and the cause was remanded, with leave to examine the parties as to the state of their accounts, it was supposed the case would be greatly relieved from the uncertainties and inexplicable confusion that then embarrassed a statement of their accounts. But, when it comes before us on exceptions to the master's report, we discover, that the case is not by any means relieved of its former difficulties. The parties differ widely in their statements, and parts of their testimony are entirely unreconcilable.

We shall assume, that appellee was indebted on the 19th day of February, 1856, to appellant, in the sum of $4,101.20. We arrive at that conclusion from the fact, that on that day the parties came together, and, upon a settlement, they agreed that sum was due to appellant. Appellee says that it was composed of his bond for $1,771.85, with interest, and his note for $1,400, with accrued interest, which, after deducting payments, left due to appellant but $3,778.54; and the remaining portion of the sum was made up of usury. Appellant, on the contrary, says that it was composed of the bond, note and other items, due from appellee to him. We fail to find any evidence sufficiently definite to change the result at which the parties then arrived,

and hence we adopt that sum as the starting point in the statement of the account.

It is urged, that, if the deed is to be regarded as a security, still the account is erroneously stated, in allowing but six instead of ten per cent interest on this sum as well as advances subsequently made. On the 19th of February, 1856, the interest law of 1849 was in force, and consequently governed the transaction. That act declared that the rate of interest should be six per cent except for money loaned, which might, by agreement of the parties, bear ten per cent. The act also provides if a greater rate of interest than six per cent should be reserved when the debt was not for money loaned, the rate, upon establishing that it was not for money loaned, should be six per cent. This being the law then in force, the sums embraced in the bond for $1,771.85, and the note for $1,400 due on that day, must be controlled by this act. Then does it appear that these sums were originally for money loaned. About the note there seems to be no question that it was not, as the parties agree in their statements that it was given for an engine purchased of Cushman & Co. And, as usury is relied upon by appellee, this note can bear but six per cent interest. The master then took the proper view of the note when he computed the interest at that rate.

As it regards the bond for $1,771.85, the evidence does not seem to disclose the consideration for which it was given. Appellant states that he is unable to give the items which composed the amount of that instrument, owing, as he says, to the loss of one of his books of account. But he does not say that it was for loaned money. Nor does he say that he loaned that amount to appellee. Appellee also fails to state what the items were which formed the consideration. The instrument does not state that it was for money loaned. We, in the absence of proof, may safely infer that it was not for the loan of money. And as to this sum appellee also interposed the statute of usury, and says that the amount was the sum found to be due appellant, on a settlement of large transactions running through a series of years. This, appellant

admits in his answer, but insists, that he had loaned him large sums of money. He, however, fails to state that such sums form any part of this indebtedness, nor does the evidence establish the fact. Under the allegation of usury in the bill, appellant in his answer admits that the bond was given on a settlement of accounts, and this was responsive to the bill. And in opposition to this admission the law will not presume that it was for money loaned. The bill having charged that the bond was given on a settlement of accounts, and that being admitted by the answer, we must conclude that it could, under the plea of usury, be allowed to appellant in the account, with six per cent interest. And in this the computation of the master was correct.

As to the other items, there seems to have been no agreement to pay the same rate of interest which they were bearing when they were taken up by appellant. But there seems to have been a verbal agreement that appellee should pay fifteen per cent on money subsequently advanced. All advances, therefore, which were made after the agreement, and prior to the passage of the interest law of 1857, could bear but six per cent, even with an express agreement for usurious interest on contracts not for money loaned. The act of 1849 leaves the act of 1845 in force, where a greater rate of interest is reserved on money loaned than the statute authorizes. Under the statute of 1845, a party reserving usurious interest forfeited all of the interest and incurred a penalty besides. On these sums then, at law, he was not entitled to any interest as they were advanced under a usurious contract, but before appellee can redeem he must pay legal interest. And as to the sums advanced after the adoption of the act of 1857, being also under a usurious agreement, the act declares that all of the interest shall be forfeited. But to redeem appellee must pay six per cent, which is legal interest, and this the master has allowed, as he who asks equity must do equity before he can have relief. *Snyder* v. *Griswold*, 37 Ill. 216.

We are, for these reasons, of the opinion that the decree of the court below should be affirmed.    *Decree affirmed.*