WILLIAM CARTER v. JOHN W. NICHOLS.

*Assignment of Future Wages by Employé.*

An employer is not bound to recognize a partial assignment of an employe's future earnings.

ASSUMPSIT. Plea, general issue, and notice of payment and settlement. Trial by court on an agreed statement, September Term, 1885, POWERS, J., presiding. Judgment for the defendant. The facts are sufficiently stated in the opinion.

*Gordon & Gary,* for the plaintiff.

The order was an assignment. *Blin* v. *Pierce,* 20 Vt. 25. Equitable assignments are recognized by courts of law; and an equitable assignment need not contain the whole of the claim. 2 Story Eq. Jur. s. 1044; 3 Pom. Eq. Jur. s. 1280; *Tibbetts* v. *George,* 5 A. & E. 107.

A partial assignment is valid, and binding on an employer, when notice is given. *Strong* v. *Strong,* 2 Aik. 373; *Lampson* v. *Fletcher,* 1 Vt. 168; *Haven* v. *Hobbs,* 1 Vt. 238; *Weeks* v. *Hunt,* 6 Vt. 15; *Cummings* v. *Fullam,* 13 Vt. 434; *Day* v. *Abbott,* 15 Vt. 632; *Campbell* v. *Day,* 16 Vt. 558; *Ward* v. *Morrison,* 25 Vt. 598; *Barney* v. *Douglas,* 19 Vt. 98; *Loomis* v. *Loomis,* 26 Vt. 198.

*S. C. Shurtleff*, for the defendant.

This being an action at law the payment is a full defence.

A claim cannot be split up so as to subject a party to distinct suits against his will. *Mandeville* v. *Welch*, 5 Wheat. 277; *Fairgrieves* v. *The Lehigh Navigation Co.* 2 Phil. 182; *Gibson* v. *Cook*, 20 Pick. 15.

The opinion of the court was delivered by

Ross, J. The plaintiff was in the employment of the defendant in 1884 at twenty dollars per month. April 12, 1884, he wrote a line to the defendant, requesting him to pay to John Hardigan, or order, the sum of ten dollars per month for the next two months and the sum of five dollars per month thereafter while he should work for the defendant, until a certain judgment against him should be paid. Attached to the writing was an acceptance and an agreement to pay Hardigan these sums as they became due. The order was presented to the defendant with a request that he would sign the acceptance. This he refused to do. The plaintiff continued to work for the defendant over three months, and the defendant paid him in full therefor. This suit is brought in the name of the plaintiff for the benefit of Hardigan to recover for the sums named in the order, that would have been due if the defendant had accepted the order. Hardigan contends that the order operated as an assignment of that portion of the wages of the plaintiff thereafter earned, named in the order. It is well settled that an employé in actual service, or under a contract for service, may make a valid assignment of the whole of his future earnings in such service, and that the employer, on notice thereof, will be bound to pay the assignee. *Thayer* v. *Kelley*, 28 Vt. 19. In such case the employer is put to no disadvantage. But the employé would have no legal right, without the consent of the employer, to split up his claim for services and recover in separate actions. Neither can he confer such right upon an assignee, by making an assign-

ment or assignments of portions of his earnings under the contract to one or more persons. The employer cannot, without his consent, lawfully be subjected to the inconveniences and complications which might be incurred by such partial assignments. He is under no legal obligation to recognize them, nor to be bound by them; and he may for that reason disregard them. *Mandeville* v. *Welch*, 5 Wheat. 277; *Fairgrieves* v. *Lehigh Navigation Co.* 2 Phil. 182; *Gibson* v. *Cook*, 20 Pick. 15.

Without considering whether the writing would be a good equitable assignment in other respects, for the reasons already stated, the judgment is affirmed.