CHARLES W. PETIT v. L. WOODLIEF.

*Payment in Part in Discharge of the Whole of a Debt—Accept-ance of Money as Payment in Full.*

1. Under section 575 of *The Code,* the offer of a part in satisfaction of the whole, if accepted, discharges a debt as fully and effectually as if the entire sum originally due is paid in full, and this is so whether the amount due is certain or contingent and unliquidated.

2. When a draft for part of an indebtedness was sent by letter, both draft and letter stating that the amount was to be in full settle-ment of the debt, the creditor, by collecting the draft and retain-ing the money, will be held to have elected to accept the compro-mise proposed.

This was a CIVIL ACTION, commenced August 29, 1893, before a Justice of the Peace and carried by appeal to the Superior Court of WAKE County, where it was heard before *Hoke, J.,* and a jury, at February Term, 1894.

Plaintiff sought to recover a balance of $170.65, claimed to be due on a contract for repairs on a boiler.   Defendant denied his liability and claimed there had been a compro-mise and settlement.   In June, 1890, defendant contracted with plaintiff for certain repairs to a boiler.   Defendant con-

tended that the cost of such repairs under the contract was not to exceed $250. Plaintiff admitted such was the original contract. Plaintiff did the work and rendered an account against the defendant, after the boiler was returned, amounting to $478.65. Defendant refused to pay this amount, and insisted that by contract he did not owe over $250, and demanded a correct statement. There was correspondence between the parties, plaintiff contending the contract for $250 was abandoned and the repairs fully worth what was charged. Defendant demanded a correct statement and insisted on the original contract.

On the 8th of October, 1890, defendant wrote plaintiff as follows:

"October 8th, 1890.

" *Mr. Chas. W. Petit, Norfolk, Va.*

"DEAR SIR :—I have been waiting for some time for you to send me a correct statement of your account vs. me for the work that you have done for me, but have not received it yet. Enclosed find draft for $300 to settle with you in full to date; please acknowledge receipt of the same. Also please let me know what you will give me for my old scrap-iron with you.          Yours truly,

L. WOODLIEF."

"P. S.—$300 is more than you charged to do my work, though rather than to have hard feelings I pay you that amount, as another party charged that amount for the job."

It was proved that in 1890, on the 9th day of October, the firm of Royster & Strudwick paid a bill of exchange drawn on them by L. Woodlief in favor of Charles W. Petit for $300, and said bill of exchange had been destroyed by fire.

L. Woodlief testified that the bill of exchange or draft, referred to in his letter to plaintiff of October 8, 1890, was

drawn on Royster & Strudwick, Norfolk, Va., was enclosed in said letter, was payable to Charles W. Petit or order, and on the face of said bill of exchange was written the words, "To settle in full to date," or "Settlement in full to date"; that he intended said amount of $300 as an offer of compromise and settlement in full, and for no other purpose; that M. Woodlief was present when the letter and bill of exchange were written and mailed, and witness, at the time, declared his purpose in sending plaintiff $300 to be a settlement in full; that he regarded the matter as settled when the bill of exchange was endorsed and collected, hence had not written to plaintiff or seen him since; I paid the freight on boiler.

M. Woodlief testified that he was present when L. Woodlief wrote and mailed the letter and bill of exchange; that he read both, and in both it was stated the $300 was a settlement in full to date; that L. Woodlief declared at the time his purpose in sending the $300 to Petit was to settle in full with him, and if he accepted the draft or bill of exchange it would be a settlement in full; we both so regarded it.

Charles A. McLean, witness for plaintiff, testified: " I am business manager for plaintiff; the letter of October 8, 1890, enclosing draft on Royster & Strudwick, was received by Charles W. Petit on the 9th day of October, 1890; Mr. Petit took the draft, endorsed it, collected the money and used it, and plaintiff alleged the only purpose of the draft was to extort a settlement; the draft was payable to his order; he has never refunded or offered to refund the money ; Petit is perfectly solvent, and so is Woodlief; I wrote defendant on the same day, by next mail, as follows:

'NORFOLK, Va., October 9, 1890.

'*L. Woodlief, Esq., Youngsville, N. C.*

DEAR SIR:—Yours of the 8th is to hand, enclosing, as you stated, your draft on Messrs. Royster & Strudwick, of this city, for three hundred ($300) dollars on account of statement

rendered, for which I thank you.    I note with regret that you still persist in claiming that I overcharged you in the matter of the boiler repair.    As stated in my former letter to you, the price agreed on between you and the writer was for doing certain repairs to your boiler.    The repairs consisted simply and solely in furnishing and putting in a new furnace.    After the boiler arrived, and you were here, you decided to do additional work to it.    Now, you know, Mr. Woodlief, if it is worth so much money to put in a new furnace, it is certainly worth more to put in the new furnace cover, back-band, etc., and grate, not to mention the gear-wheels nor the expense of carrying the boiler to Portsmouth.    My only aim in this matter is to please you and thereby retain your trade.    This is what I want to do, and hope I shall be successful yet.    Weigh this matter carefully and let me know what you will do in this matter.    If it is not too much of a deduction I will take it and pocket my loss rather than lose your trade.

'I am yours truly,

'CHAS. W. PETIT,

'McLean.'

"To this letter defendant made no reply.    Plaintiff wrote defendant several letters after this, insisting on the payment of the balance claimed by him, to which defendant made no reply.    Defendant has never demanded and plaintiff has never offered to refund the $300."

The Court submitted the following issues, viz.:

"1. Was the contract between the parties that the entire work and repairs on the boiler should not exceed $250?

"2. What was the work done and material furnished by plaintiff to defendant actually worth?

"3. Has there been an accord and satisfaction?"

Defendant's counsel objected to the third issue being submitted to the jury, insisting the Court should decide the question as a matter of law.    Objection overruled.    Exception by defendant.

The jury answered the first and third issues " No," and the second issue " $400."

Defendant's counsel asked, in writing, the following special instruction, viz.:

" If defendant sent the plaintiff a draft or bill of exchange expressing on its face it was to be a settlement in full, and wrote in the letter making the remittance, ' enclosed find draft for $300 to settle with you to date,' the amount due being in dispute, and the plaintiff collected the draft and had never refunded or offered to refund the amount, it was an acceptance of the condition on which the draft was sent, a compromise and settlement, and plaintiff could not recover. If the defendant offered the draft for $300 as a settlement in full, so expressed in his letter and on the face of the draft, and plaintiff endorsed and collected the same and kept the money, it was a settlement in full.    Defendant had the right to so regard it, and the plaintiff could not recover."

These instructions were not given, but his Honor charged the jury on the third issue as follows, viz.:

" It is a question of agreement.    If defendant, intending his remittance to be in full settlement of plaintiff's claim, sent the same by draft expressed on its face to be in full settlement, and enclosed such draft in a letter expressing the same intent, and intended such remittance should be retained only on condition that it should be a full settlement, and the plaintiff, knowing and having good reason to believe that the draft was sent for such purpose and to be retained on that condition, obtained and used that money so remitted, he could not maintain his action without returning or offering to return the money, and the jury should answer the third issue Yes.    If, however, the draft was only sent, not on condition but expressed to be in full, in the hope that it would extort a settlement and be considered a payment on the account if not so accepted, or plaintiff, not agreeing so to accept it, entered the amount as a credit on the account, imme-

diately notifying the defendant of his action, and defendant acquiesced in such application, there was no accord and satisfaction, and the third issue should be answered No."

Defendant excepted to the charge as given, and for refusal to give the charge asked, defendant moved to set aside the finding of the jury and for judgment *non obstante veredicto*. Motions overruled, and defendant excepted. There was judgment for plaintiff, and defendant appealed.

*Messrs. Strong & Strong*, for plaintiff.
*Mr. T. R. Purnell*, for defendant (appellant).

AVERY, J.: The defendant enclosed in a letter a draft to the plaintiff for $300, setting forth upon its face that it was to operate as a payment in full of a claim for repairing an engine. The defendant contended that only $250 was in fact due, but stated in his letter that he had concluded to send $300. The letter and draft construed together constituted a proposal of compromise, and even though in reality a larger sum was due, as the jury found, if the offer was accepted, either expressly or by implication arising from the defendant's conduct, there was not simply a valid executory agreement, but an executed contract, as in that event the payment operated to discharge the whole claim.

The defendant Woodlief not only stated in his letter that the draft for $300 was enclosed " to settle with you (plaintiff) in full to date," but, according to the undisputed testimony, the same words, or the equivalent expression, " settlement in full to date," were incorporated in the draft itself, which was drawn on Strudwick & Royster, and was afterwards destroyed by fire. When the plaintiff endorsed this draft and collected the money, with the proposal staring him in the face that it should, if received, operate to discharge the whole debt, instead of returning it to the drawer and declining the offer, we think that his conduct amounted to an acceptance of it,

and the debt was therefore discharged in full. Our statute (*The Code,* § 575) having been declared constitutional, the offer of a part in satisfaction of the whole, if accepted, discharges a debt as fully and effectually as if the entire sum originally due is paid in full. When the amount due is uncertain or unliquidated, if an offer in satisfaction of the claim is accompanied with such acts and declarations as amount to a condition that the money shall be accepted only as a payment in full of the claim, and the party to whom the offer is made must of necessity understand, from its very terms, that if he takes the money he takes it subject to such condition, then, in law, the payment operates to discharge the whole claim. *Preston* v. *Grant,* 34 Vt., 201 ; *Townslee* v. *Healee,* 39 Vt., 522 ; *Boston Rubber Co.* v. *Peerless Co.,* etc., 58 Vt., 553. Under the construction placed upon our statute the offer of a less sum than is due, when the amount of the debt is certain, is in effect the same as the offer of a given sum in satisfaction of a contingent or unliquidated claim. We cannot rely as authority, therefore, upon the earlier cases decided by the Court, or upon the authorities in other States, where the principle still prevails that an agreement to accept a payment of a part of an unconditional claim for a sum certain in satisfaction of the whole is, unless there is an actual release, but a *nudum pactum.* We must, therefore, be governed by the rule adopted in reference to offers to settle contingent claims, because they are analogous to proposals of compromise of indebtedness under our statute. The plaintiff knew, from the face of the draft, that the defendant intended it to be accepted upon condition that it should discharge the debt, and that the draft itself should be in the nature of a receipt or voucher for the full payment. With that knowledge he chose to use the draft and take his chances to collect more. We think the question of intent was no more an open one for the jury to determine upon the testimony than would be the question of acceptance where the drawee writes the

word " Accepted " on the back of a bill of exchange and signs his name under it. There is no difference in principle between the case at bar and that of *Boykin* v. *Buie*, 107 N. C., 501. There the creditor agreed by letter to accept an offer from the debtor of a part in discharge of his whole debt, but when the latter forwarded a check in compliance with the agreement entered the amount paid as a credit. In our case the defendant sent a draft and a letter, both expressing the condition upon which the draft was to be accepted. The terms of the proposition being unmistakable, we think that the acceptance of the money was an implied assent to the proposal, the legal effect of which was to discharge the whole debt.

We are of opinion, therefore, that in the refusal to give the instruction that the claim was satisfied, there was error, for which we must grant a new trial.

New Trial.