103   609
a209s 252

## Charles F. Wenham v. James H. Mallin et al., Executors.

1.   ASSIGNMENT OF WAGES—*When Valid.*—An assignment of wages to be earned under an existing employment by a private person is valid and enforcible if made in good faith and for a valuable consideration.

2.   BANKRUPTCY—*Effect of Discharge upon Debt.*—A discharge in bankruptcy is analogous in its effect to the statute of limitations; it neither pays nor discharges the debt, but suspends the right of action thereon.   Valid liens are not by it removed.

3.   INTEREST—*By Contract in Illinois.*—In this state it is lawful to contract for interest at the rate of seven per cent per annum; a contract for more is not only usurious but deprives the lender of all interest.

4.   SAME—*When a Court of Equity Will Relieve Against Usurious Interest.*—Although the statute may have made usurious loans and obligations absolutely void, yet if a borrower brings a suit in equity for the purpose of having a usurious bond or other security surrendered and canceled, the relief will be granted by a court of equity only upon condition that the complainant does equity by repaying to his creditor that which is justly and in good faith due, that is, the amount actually advanced, with lawful interest, unless the statute expressly prohibits the court from imposing such terms as a condition of relief.

5.   EQUITY—*Party Seeking Equity Must Do Equity.*—A court of equity will not confer its equitable relief upon a party seeking its aid, unless he will acknowledge and concede all the equitable rights and dividends justly belonging to the adversary party growing out of or necessarily involved in the subject-matter of the controversy.

**Bill to Have an Assignment of Wages Declared Void, and for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding.   Heard in the Branch Appellate Court at the October term, 1901.   Reversed and remanded.   Opinion filed October 24, 1902.

James H. Mallin, being in the employment of Armour & Co. from month to month, on a salary of $100 per month, borrowed money from appellant at usurious rates of interest, and so obtained $342 more than he has paid back. June 3, 1898, to secure such indebtedness to Wenham, he executed and delivered an assignment of wages, in words and figures as follows, to wit:

" For a valuable consideration to me in hand paid by C. F. Wenham, the receipt whereof is hereby acknowledged, I do hereby transfer, assign and set over to the said C. F. Wenham, his heirs, executors, administrators or assigns, all salary or wages and claims for salary or wages due, or to become due me from Armour & Co., or from any other person or persons, firm, copartnership, company, corporation, organization or official by whom I am now, or may hereafter become employed, at any time before the expiration of ten years from the date hereof.

" I do hereby constitute irrevocably the said C. F. Wenham, his heirs, executors, administrators or assigns, my attorney, in my name to take all legal measures which may be proper or necessary for the complete recovery and enjoyment of the claim hereby assigned, and I hereby authorize, empower and direct the said Armour & Co., or any one by whom I may be employed as above, to pay the said demand and claim for wages or salary to the said C. F. Wenham, his executors, administrators or assigns, and hereby authorize and empower him or them, to receipt for the same in my name.

Chicago, Ill., 3rd day of June, 1898.

J. H. MALLIN."

May 3, 1899, Mallin filed his petition in bankruptcy. His indebtedness to Wenham was scheduled in the bankruptcy proceedings, and Wenham had notice thereof. October 23, 1899, he obtained his discharge in bankruptcy. Subsequently Wenham brought suit in the name of Mallin for the use of Wenham v. Armour & Co., claiming the wages of Mallin, by virtue of the above assignment. Mallin thereupon, without offering to repay the $342 or any part thereof, applied to a court of equity, praying that said assignment be declared null and void, and that Wenham be enjoined and restrained from prosecuting any suit against

Wenham v. Mallin.

Armour & Co., or in any manner interfering with Mallin's salary. On the trial it appeared that in September, 1898, Mallin agreed to pay $5 per week to Wenham, and these payments were made for thirty-two weeks. Wenham attempted to show that Armour & Co. consented to hold out $5 per week for Wenham until Mallin's indebtedness to him was paid. The court would not permit this showing to be made and entered a decree perpetually enjoining Wenham from in any manner attempting to enforce the said assignment, either against Armour & Co. or any other or future employer of Mallin, and enjoined Armour & Co. from paying to Wenham under said assignment any salary or wages earned by him, Mallin. From which decree this appeal is prosecuted.

MORSE IVES, attorney for appellant.

H. H. REED, attorney for appellees; A. R. URION and A. F. REICHMANN, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is well settled that an assignment of wages to be earned under an existing employment by a private person is valid and enforcible if made in good faith and for a valuable consideration. Volume 2, second Ed. Am. & Eng. Ency. of Law, p. 1031; Thayer v. Kelley, 28 Vt. 19; Carter v. Nichols, 58 Vt. 553; Kane v. Clough, 36 Mich. 436; Garland v. Harrington, 51 N. H. 409–413; Hawley v. Bristol, 39 Conn. 26; Brackett v. Blake, 7 Metcalf, 335; Crouch v. Martin, 2 Vernon's Rep. 595; 5th Ed., Drake on Attachment, Sec. 612.

It is urged that the wages of Mallin are by statute exempt and therefore the decree of the court below was properly entered. There is no such exemption. Certain real and personal property is exempt " from execution, writ of attachment and distress for rent; and the wages of the head of a family residing with the same are to the extent of $50 exempt from garnishment." Sec. 14 of Chap. 62, R. S.

There is no law forbidding any natural person from selling or assigning any property he has, while there are laws providing that certain property can be conveyed or mortgaged only in pursuance of certain statutes.

Was the assignment rendered nugatory by the discharge in bankruptcy? A discharge in bankruptcy is analogous in its effect to the statute of limitations; it neither pays nor discharges the debt but suspends the right of action thereon. Valid liens are not by it removed. Bush v. Stanley, 122 Ill. 406; Pease v. Ritchie, 132 Ill. 638–646; Douglas v. Russell, 4th Simons Ch. Rep. 524.

The assignment was a security, frail, indeed, as it might at any time be rendered worthless by action of appellee or of Armour & Co. The assignment creates a right only against wages earned by appellee in the service of Armour & Co., because it was and is good only as to an employment existing when it was made; yet it was a security, a property right enforcible, so far as it did not contravene any law.

It never was and is not enforcible for usurious interest; nor for interest at all if there were an exaction of usurious interest.

In this state it is lawful to contract for interest at the rate of seven per cent per annum; a contract for more is not only usurious but deprives the lender of all interest. Appellee does not deny the reception from appellant of $342 more than he has paid back; while claiming that he has been from this debt discharged in bankruptcy, he does not deny that a valid indebtedness to such amount existed before such discharge.

Under such circumstances he has applied to a court of equity to, without the payment of a penny, relieve him from the effect of a security he gave, valid for all the money he actually obtained, of which no part has been returned.

Having come into a court of equity he can obtain relief only in accordance with equitable principles. It is a maxim of equity that he who seeks equity must do equity. No principle is, in the cause of equitable procedure, of greater consequence.

In its broadest sense it embraces the foundation of all equitable procedure. It is a principle of most extensive application and may be applied in every kind of equitable litigation.

A court of equity will not confer its equitable relief upon a party seeking its aid, unless he will acknowledge and concede all the equitable rights and dividends justly belonging to the adversary party, growing out of or necessarily involved in the subject-matter of the controversy. Pomeroy's Eq. Jurisprudence, Secs. 385–388.

Although the statute may have made usurious loans and obligations absolutely void, if a borrower brings a suit in equity for the purpose of having a usurious bond or other security surrendered and canceled, the relief will be granted by a court of equity only upon condition that the complainant does equity by repaying to his creditor that which is justly and in good faith due—that is, the amount actually advanced, with lawful interest—unless the statute expressly prohibits the court from imposing such terms as a condition of relief. Pomeroy's Eq. Jurisprudence, Sec. 391; Snyder v. Griswold, 37 Ill. 216; Cushman v. Sutphen, 42 Ill. 256; McKendree Tooke et ux. v. Newman et al., 75 Ill. 215; Clark v. Finlon, 90 Ill. 245.

The same principle is applicable to a bill to set aside an unwarranted and illegal tax sale. Reed v. Tyler, 56 Ill. 288.

The decree of the Circuit Court is reversed and the cause remanded, with directions to dismiss the bill for want of equity.