## National Biscuit Company et al., Appellees, v. Consolidated Agencies Company et al., Appellants.

### Gen. No. 15,861.

1. EQUITY—*when bill not defective in failing to offer to do equity.* In a bill to enjoin the collection of a judgment at law and the institution of suits predicated upon a claim as to which the complainant has been discharged in bankruptcy, it is not necessary that he should offer to pay the debt.

2. ASSIGNMENT OF WAGES—*how far effective.* An assignment as security for a loan, of wages to be earned during a then existing employment, does not cover wages earned in a subsequent employment.

3. MUNICIPAL COURT—*when jurisdiction exclusive.* In cases of the class known as fourth class cases, the jurisdiction of the Municipal Court as to a defendant corporation having its principal office in the city of Chicago, is exclusive.

4. INJUNCTIONS—*when lie to prevent multiplicity of suits.* Equity

National Biscuit Co. v. Consolidated Agencies Co., 153 Ill. App. 214.

will take jurisdiction to sustain the commencement of a number of actions which but for the injunction would be instituted, in violation of the plain provisions of the statute.

Bill for injunction.    Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.    Heard in this court at the October term, 1909.    Affirmed in part and reversed in part.    Opinion filed March 1, 1910.

**Statement by the Court.**    This is an appeal from an interlocutory order granting an injunction.    The bill alleges *inter alia* that complainant Walsh was on or about June 5, 1908, in the employ of the complainant, National Biscuit Company, under a contract from week to week at a salary of $60 a week; that he was at that time indebted to one Robert J. Jeffs, and to secure payment of such debt, made an assignment in writing to said Jeffs of "all wages and claims for wages earned and to be earned and claims and demands due or to become due Wm. C. Walsh from National Biscuit Company * * * or any other firm, person, company or corporation by whom he may hereafter be employed or who may owe him money for any consideration whatever up to and including the........day of............"    It appears the employment of Walsh with the Biscuit Company terminated about September 12, 1908, and he left the city.    He returned later and about March 19, 1909, again entered the employ of the Biscuit Company upon a similar contract as to wages.    On the 29th of March Walsh filed a petition in bankruptcy and among the liabilities scheduled was the indebtedness to Jeffs, who in the meantime had assigned and transferred his claim, together with the assignment of wages made to him by Walsh to secure the same, to the defendant, Consolidated Agencies Company.    Upon June 28, 1909, Walsh was duly discharged in bankruptcy.

March 24, 1909, the Consolidated Agencies Company caused a notice of that date to be served upon the Biscuit Company to the effect that it, the Consolidated Agencies Company, held the assignment and power of attorney executed by Walsh to Jeffs, and upon April

216    APPELLATE COURTS OF ILLINOIS.

National Biscuit Co. v. Consolidated Agencies ·Co., 153 Ill. App. 214.

1, 1909, brought suit upon said assignment of wages before one Willis Melville, a justice of the peace in and for the town of Proviso, Cook county, in this state. The prosecution of that suit was restrained by the Federal Court in which the bankruptcy proceedings were pending. Subsequently on July 23rd, after the discharge of Walsh in bankruptcy, judgment was entered by said Justice Melville for $120, representing two weeks' salary, against the complainant Biscuit Company. Later, in July, 1909, another suit was brought by the Agencies Company against the Biscuit Company before Justice of the Peace Hoig, another justice of the town of Proviso, upon the same assignment of wages. The bill of complaint avers that nothing was due said Walsh from the Biscuit Company when he left its employment in September, 1908, or when he re-entered its employ March 19, 1909, but that said Biscuit Company holds $200 wages earned by Walsh since he re-entered its employment in March, 1909. The injunction complained of issued July 31, 1909, and restrains the justices of the peace from further proceedings to enforce or enter any judgments against the Biscuit Company in favor of the Agencies Company, and restrains the Consolidated Agencies Company from attempting to collect the judgment entered by said Justice Melville, and from commencing or bringing any suit or proceedings against the complainants or either of them, until the further order of court.

CHARLES R. NAPIER and CHARLES S. McILVAINE, for appellants.

DAVID & ZILLMAN and WILLIAM D. McKENZIE, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is sought to reverse the interlocutory order granting the injunction, on the ground, first, that the complainant does not offer to pay the debt of Walsh to

Jeffs which the latter assigned to the Consolidated
Agencies Company, and yet seeks to restrain the collec-
tion of such debt, and that seeking equity complainants
must do equity, citing Wenham v. Mallin, 103 Ill. App.
609-612.   That case is not in point.   Walsh was dis-
charged from the payment of the debt in bankruptcy.
The security given by assignment of wages remained
good.   The discharge, however, was a legal suspension
of the right of action against him personally for the
debt; and what he seeks by this bill is not a further
release from the debt, nor to be relieved "from the
effect of a security he gave, valid for all the money he
actually obtained," as in the Wenham case *supra,* but
to prevent interference with his wages outside of that
security by vexatious litigation having no basis in the
assignment. The assignment of wages to Jeffs was un-
doubtedly good when made so far as it created a right
in the assignee against wages to be earned in a then
existing employment and Walsh was at the time in
the employment of the Biscuit Company earn-
ing . $60 a week.   The then existing employment
ceased, however, September 12, 1908, and there-
upon the assignment by Walsh of wages to be earned
after that time had no validity.   Mallin v. Wenham,
209 Ill. 253-257; Wenham v. Mallin, 103 Ill. App. 609-
611.

It appears from the bill that appellants brought suit
upon the assignment against complainant. National
Biscuit Company, a corporation having its principal
office for doing business in Illinois in the city of Chi-
cago, before the defendant Willis Melville, a justice of
the peace of the town of Proviso, Cook county, Illinois,
on the 1st of April, 1909, and eventually on the 23rd of
July, 1909, obtained a judgment before said justice
upon the assignment in question. The Municipal Court
Act (section 29, chap. 37) provides that "if the defend-
ant happen to be a corporation having its principal
office in the city of Chicago" cases of the fourth class
under that Act shall be brought "in the district in

which its principal office is located.'' By section 60 of the Act, ''the jurisdiction of justices of the peace in the territory of the county of Cook outside the city of Chicago * * * is hereby limited to the territory of said county outside of said city.'' Under the statute the Municipal Court is given jurisdiction in cases of this character exclusive of all other courts except courts of record. It affirmatively appears therefore that Justice Melville had no jurisdiction over the Biscuit Company and any judgment rendered by him in the premises was and is void. For the same reason the suit brought before Justice William T. Hoig of the same town of Proviso, whether the Biscuit Company was served with summons issued by said justice or not, conferred no jurisdiction over the defendant upon said Hoig, and any proceedings in the cause before him or by him are likewise void and of no effect.

It is urged, however, that justices of the peace should not be enjoined, since the jurisdiction of equity in restraint of actions at law is exercised not over the courts of law but only upon the parties litigant therein; and it is said that while ''equity may in proper cases enjoin suitors in another court from proceeding with their cause, the injunction cannot operate upon or run against the judge of such court.'' High on Injunctions, vol. 1, chap. 2, sec. 46. It is conceded that the justices of the peace are not in this case necessary parties to the bill and that an injunction against the defendant, Consolidated Agencies Company, restraining it from proceeding in cases before the justices would suffice. It is clear that a multiplicity of vexatious actions of the kind under consideration brought in violation of the plain provisions of the statute before justices of the peace outside of the city, ought not in equity and good conscience to be tolerated. ''The bringing of repeated suits weekly for the recovery of wages claimed to be due an employe weekly under a contract for labor has been held sufficient to warrant

an injunction to prevent a multiplicity of suits." 1 High on Injns., 4th ed'n, chap. 2, sec. 63.

For the reasons indicated the injunction order appealed from will be affirmed except so far as it applies to the Justices Melville and Hoig, and as to them it will be reversed.

*Affirmed in part and reversed in part.*