# Stromberg, Allen & Company, Defendant in Error, v. Frank W. Hill et al., Plaintiffs in Error.

## Gen. No. 16,217.

1. DECREE—*effect where predicated upon unconstitutional law.* If a bill be predicated upon a law which has been declared unconstitutional a decree based thereon should be reversed and the bill dismissed for want of equity, unless the bill and decree are sustainable upon other grounds.

2. WAGES—*when assignment void.* An assignment of wages earned under an employment not existing at the time .of its making is void.

Error to the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1910. Affirmed in part and reversed in part. Opinion filed May 20, 1912.

WILLIAM H. A. RUST, for plaintiffs in error.

ARCHIBALD CATTELL, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court. A bill was filed April 14, 1906, by the complainant, here the defendant in error, against the defendants, here the plaintiffs in error, alleging, *inter alia,* that the defendant, Charles H. Dickinson, was employed by the complainant on November 7, 1905, and was not prior thereto in the employment of the complainant; that on or about August 25, 1905, said Dickinson was indebted to the defendant, Frank W. Hill, in the sum of about three hundred and fifty dollars; that on said August 25, 1905, and for some weeks thereafter said Dickinson was in the employ of The Faithorn Printing Company in the city of Chicago; that on said date and while so employed the said Dickinson "executed an assignment of all wages which might thereafter become due, whether then earned or unearned, to said defendant

Hill,'' to secure the said indebtedness; that at said
time the said Dickinson was married and Renna Dick-
inson, his wife, joined in said assignment; that contem-
poraneous with the execution of the said assignment
said defendant Dickinson executed a power of attorney
to the defendant, John A. Mills, thereby authorizing
and empowering the said Mills to execute further and
additional assignments of any wages that might there-
after become due the said defendant Dickinson from
any person, firm or corporation whatsoever; that after
the execution of said instruments the said Dickinson
left the employment of said Faithorn Printing Com-
pany and went to Grand Rapids, Michigan, and entered
the employment of the Grand Rapids Engraving Com-
pany; that on January 23, 1906, the said Mills executed
a pretended assignment of the wages of the said Dick-
inson due from the complainant to said Dickinson on
said date and thereafter to become due up to and in-
cluding July 23, 1906, signing the names of the said
Dickinson and his wife and acknowledging the same as
their attorney in fact before one Henry Roth, a Justice
of the Peace for the township of North Chicago, and
served a copy thereof on the complainant on January
26, 1906. It was also alleged that said Hill began a
suit against complainant upon the said assignment be-
fore the defendant, Joseph Hall, a Justice of the Peace
in the town of Cicero, Cook County, Illinois, and on
March 13, 1906, a judgment was rendered therein
against the complainant for the sum of seventy-eight
dollars, from which said judgment the complainant ap-
pealed to the County Court of said County; that on
March 15, 1906, another suit was begun by the said Hill
against the complainant upon the said assignment be-
fore the said Justice of the Peace, Hall, which is still
pending and undetermined; that the said pretended
assignment was not personally executed by either the
said defendant Dickinson or his said wife, and the said
pretended assignment is void and of no effect and in

violation of the statute; that the complainant will be continually subject to harrassing suits upon the said assignment and be subjected to great expense and annoyance, and prays that the said defendants, their agents, etc., be restrained from enforcing or attempting to enforce against the complainant said pretended assignment of wages of January 23, 1906, or making any further assignments under the pretended authority of said power of attorney of August 25, 1905, or from prosecuting or attempting to prosecute said suit begun March 15, 1906, or any other suits based upon said assignment of January 23, 1906, and that said pretended power of attorney dated August 25, 1905, be decreed void and of no effect.

The said defendants, Hill, Mills and Hall, were duly served and on failing to appear, their default was entered and the temporary restraining order entered pursuant to the prayer of the bill was made perpetual, and said defendants sued out this writ of error November 15, 1909, to reverse the said decree.

The defendants urge that the bill being based upon the statute of May 13, 1905, in relation to the assignment of wages or salary, and the said statute having been declared unconstitutional and void in Massie v. Cessna, 239 Ill. 352, the decree should be reversed and the bill dismissed for want of equity. The contention of the defendants in this repect is correct unless the decree should be sustained upon other grounds than the said statute.

The defendants being in default, the allegations of the bill well pleaded are accepted as true. It will be observed that at the time of the execution of said assignment and power of attorney the said Dickinson was not employed by the complainant. In Mallin v. Wenham, 209 Ill. 252, where there was an assignment of wages by Mallin, while employed by Armour & Co., "due or to become due me from Armour & Co. or from any other persons, or persons, firm, copartnership, com-

pany, corporation, organization or official by whom I am now or may hereinafter become employed, at any time before the expiration of ten years from the date hereof," the Court said: "The assignment of appellant's wages was simply a lien on the same so long as he remained in the employ of Armour & Co. and until the indebtedness secured thereby was satisfied. Should the appellant quit his employment with Armour & Co. he would by that act destroy the assignment as security."

In Hartley v. Tapley, 2 Gray, 565, the Court said: "The rule is, that wages to be earned under an engagement existing at the time of giving the order are assignable; but not money to be earned hereafter under a new engagement."

In Lehigh V. R. R. Co. v. Woodring, 116 Pa. St. 513, the Lehigh Co. paid Woodring's wages to another under an assignment of future earnings executed before Woodring entered the employ of said company. In a suit by Woodring for said wages, the trial judge gave judgment for the plaintiff in an opinion well worth reading. The Supreme Court said in affirming the judgment: "The attempt was to assign that which had no existence, either substantial or incipient. There was no foundation or contract on which an indebtedness might arise. It was the mere possibility of a subsequent acquisition of property. This is too vague and uncertain." The same rule is announced in Kennedy v. Tiernay, 14 R. I. 528; Metcalf v. Kincaid, 87 Ia. 443, and National Biscuit Co. v. Consolidated Agencies Co., 153 Ill. App. 214. We think it clear under these authorities that the said assignment of wages, so far as it purported to assign the wages earned by the said Dickinson in the future from employers other than said The Faithorn Printing Company, and with whom he had no contract of employment at the time of said assignment, was void and of no effect.

If, then, Dickinson could not at the time of executing said assignment of wages make a valid assignment of future earnings from employers, other than The Faithorn Printing Company, and with whom he then had no contract of employment, it seems to us manifest that he could not then authorize or empower another to so do, and the power of attorney executed August 25, 1905, in so far as it attempted to authorize and empower Mills to assign that which Dickinson, the principal, could not assign, was void.

It necessarily follows that the attempted assignment of Dickinson's wages by Mills to Hill under date of January 23, 1906, was void and of no force and effect. It was this void assignment of wages upon which Hill had secured a judgment against the complainant before Justice of the Peace Hall. · It was this same instrument upon which another suit was then pending before the same Hall and upon which other suits as alleged in the bill were threatened to be begun against the complainant. Under such circumstances and the authority of High on Injunctions, vol. 1, sec. 63, and National Biscuit Co. v. Consolidated Agencies Co., 153 Ill. App. 214, the Court properly took jurisdiction and enjoined the said defendants Mills and Hill, and as to them the decree is affirmed.

The injunction, however, should not have been entered against the defendant, Justice of the Peace Hall, and as to said Hall it is reversed. High on Injunctions, vol. 1, sections 45 and 46; National Biscuit Co. v. Consolidated Agencies Co., *supra*.

*Affirmed in part and reversed in part.*