## C. H. Blakeslee for use of Charles Turgrimson, Defendant in Error, v. Make-Man Tablet Company, Plaintiff in Error.

### Gen. No. 16,810.

1. ASSIGNMENT OF WAGES—*when invalid.* An assignment of wages is not operative or valid when made with reference to a new or different contract of employment not then in existence.

2. ASSIGNMENT OF WAGES—*not made valid by power of attorney.* A power of attorney with an assignment of wages, made previous to the existence of a contract of employment, cannot give the authority to make such an assignment valid.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed December 11, 1912.

MORSE IVES, for plaintiff in error.

CHARLES R. NAPIER and CHARLES S. McILVAINE, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

The defendant in error, for the use of Charles Turgrimson, brought suit in the Municipal Court against plaintiff in error to recover an amount claimed to be due from plaintiff in error to defendant in error for

wages, and upon a trial by the court without a jury there was a finding and judgment against plaintiff in error for $121.50, to reverse which judgment this writ of error is prosecuted.

The claim is based solely upon a written assignment to said Turgrimson of wages earned and to be earned by defendant in error, together with an instrument designated "Powers of Attorney and Agreements." These instruments were in fact executed and delivered by defendant in error on August 30, 1905, but the date of execution of the assignment was then left blank, as was also the name of the person, firm or corporation to be designated as the employer of defendant in error. The instrument constituting the assignment, powers of attorney and agreements are too voluminous to be transcribed in this opinion. It is sufficient to say of them that they are "fearfully and wonderfully" devised. Nothing less than their exact reproduction can convey an adequate conception of the thraldom they seek to impose upon a hapless victim.

Defendant in error was not in the employ of plaintiff in error when said instruments were executed and delivered, and did not enter its employ until June, 1909, nearly four years thereafter, and continued in such employment under a commission contract until May, 1910.

Assuming to act under and by virtue of said powers of attorney, Turgrimson, on January 5, 1910, inserted in the instrument of assignment the name of plaintiff in error as the employer of defendant in error, and the date of its execution as the "5th day of January, A. D. 1910." On the same day Turgrimson notified plaintiff in error that he held an assignment of the wages of defendant in error and requested plaintiff in error to protect him in the matter.

There is one sufficient bar to a recovery in this case.

An assignment of wages, if enforceable at all, is only

enforceable when made with reference to a then existing contract of employment, but is not operative or valid when made with reference to a new or different contract of employment not then in existence. Mallin v. Wenham, 209 Ill. 252; National Biscuit Co. v. Consolidated Agencies Co., 153 Ill. App. 214; Stromberg, Allen & Co. v. Hill, 170 Ill. App. 323.

The assignment here involved was executed and delivered on August 30, 1905, and was clearly inoperative to assign wages accruing under a contract of employment not then in existence, and which had no existence until June, 1909. What defendant in error could not do directly, Turgrimson could not do for him or in his name indirectly by virtue of the instrument executed August 30, 1905, purporting to be a power of attorney.

The judgment of the Municipal Court is reversed.

*Judgment reversed.*