CHICAGO—FIRST DISTRICT—JUNE, 1913.     515

Richards v. The Inter Ocean Newspaper Co., 181 Ill. App. 515.

## J. E. Richards, Defendant in Error, v. The Inter Ocean Newspaper Company, Plaintiff in Error.

## Gen. No. 17,471.

1. ASSIGNMENTS—*wages earned in the future.* A power of attorney to make an assignment of wages given by an employe, to plaintiff, cannot authorize plaintiff to make an assignment which will be valid against defendant a subsequent employer with whom the employe had no contract at the time the power of attorney was executed.

2. ASSIGNMENTS—*when invalid.* An assignment of wages to be earned in the future from employers with whom the assignor has no contract of employment at the time of making the assignment is invalid.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed June 30, 1913.

**Statement by the Court.** August 15, 1907, O. H. Vollmer gave to Richards, plaintiff in this suit, his promissory note for $25 and a power of attorney authorizing the persons therein named, or any one of them, when Vollmer was indebted to Richards, to make an assignment and transfer of his wages to Richards as collateral security for such indebtedness. Vollmer was employed by the defendant corporation in March, 1910. August 15, 1910, $13.50 was due on the note, Vollmer was still employed by the defendant, and Davis, one of the persons named in the power of attorney, professing to act under it, in the name of Vollmer made an assignment to Richards of his wages due or to become due from the defendant. Richards then brought suit in the Municipal Court against the defendant corporation, claiming that there was due to Vollmer from the defendant twenty-eight weeks' wages at $25 per week, and stating in his statement of claim that he was the "actual bona fide owner of said wages," and in the affidavit of claim that there

516          APPELLATE COURTS OF ILLINOIS.

Richards v. The Inter Ocean Newspaper Co., 181 Ill. App. 515.

was due to plaintiff $200. The court found that Vollmer owed Richards $13.25 principal and $6.25 attorney's fees, as provided in the note, and gave judgment for the plaintiff for $19.50.

WILLIAM A. JENNINGS, for plaintiff in error.

CLARK & CLARK, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The question presented by the record in this case was before us in *Stromberg, Allen & Co. v. Hill,* 170 Ill. App. 323, and we held that an assignment of wages, so far as it purported to assign wages to be earned in the future from employers with whom the assignor had no contract of employment at the time of making the assignment, was void and of no effect, and that as the assignor could not make a valid assignment of wages from employers with whom he had no contract of employment, he could not then authorize or empower another to do so. Under the rule announced in that case the assignment by Davis of the wages due Vollmer from the defendant was void because at the time the power of attorney was executed by Vollmer he had no contract of employment with the defendant. On further consideration we see no reason to question the propriety of the conclusion reached in the *Stromberg* case, *supra,* and it follows that, in our opinion, the judgment is erroneous and should be reversed.

*Judgment reversed.*