## The M. G. Ogle Co-Operative House Furnishing Company, Appellant, v. J. I. Shauman, Appellee.
### Gen. No. 5,970.

1. ASSIGNMENTS, § 3*—*right to assign future wages by power of attorney.* A workman cannot execute a power of attorney to authorize the assignment of wages to be earned in an employment which he is not engaged, and has no contract for, at the time of the execution of the power of attorney.

2. ASSIGNMENTS, § 3*—*right of workman to assign wages.* A workman cannot by himself assign wages to be earned in a future employment for which he has not contracted at the time of the assignment.

Appeal from the Circuit Court of Warren county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

The M. G. Ogle Co-Op. House Furn. Co. v. Shauman, 188 Ill. App. 4.

HANNA & LAUDER, for appellant.

SAFFORD & GRAHAM, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

This action was begun before a justice of the peace in a suit by appellant to recover wages of a workman for appellee, an assignment of which wages appellant claimed under a power of attorney given by the workman before he engaged in the employment. On appeal to the Circuit Court defendant had judgment. Plaintiff appeals. The real question in the case is, can the workman execute a valid power of attorney which will authorize his attorney in fact to assign wages earned in an employment in which the workman is not then engaged and has no contract for at the time of the execution of the power of attorney.

It is conceded to be the law, and indeed it is the law of this State, that a workman cannot himself assign wages to be earned in a future employment for which he has not contracted at the time of the assignment; but it is urged while he cannot do this himself he may do it by power of attorney. No authority is cited in favor of this suggestion.

An assignment of wages is not operative or valid when made in reference to a new or different contract of employment not then in existence. *Mallin v. Wenham*, 209 Ill. 252.

Nor can he assign his wages by an attorney in fact authorized by power of attorney, entered into before the contract of employment is made. *Stromberg, Allen & Co. v. Hill*, 170 Ill. App. 323; *Richards v. Inter Ocean Newspaper Co.*, 181 Ill. App. 515; *Blakeslee v. Make-Man Tablet Co.*, 175 Ill. App. 515.

The employment of the workman was in September, 1912. He executed the power of attorney in question September 25, 1911, and the attorney in fact made the

assignment January 17, 1913, so under the authorities above cited this judgment is affirmed.

*Judgment affirmed.*