J. RICHARDS, APPELLANT, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, APPELLEE.

FILED DECEMBER 9, 1916.    No. 19080.

Assignment of Wages: VALIDITY. A power of attorney granting authority to assign wages, made previous to the existence of a contract of employment, is ineffectual to authorize such an assignment in the future and after a contract of employment has been entered into by the maker.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*J. E. von Dorn,* for appellant.

*W. D. McHugh, W. H. Herdman, E. P. Holmes* and *Guy C. Chambers, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Douglas county to recover $75 claimed to be due by reason of an assignment of the wages of one Lawrence B. Savage. From a judgment in favor of the defendant, plaintiff appeals.

There is no issue of fact involved. In May, 1912, Savage, who was not then in the service of defendant company, executed to one Morgan a power of attorney, in and by which he empowered him, at any time thereafter when Savage should be indebted to plaintiff, to execute and deliver to plaintiff an assignment of any wages, commissions or other moneys due or to become due him from any person, firm or corporation, within one year from the date of the instrument. Savage did not enter the service of the defendant company until August 3, 1912, and his services with the company terminated on September 5, 1912. On August 27, 1912, Morgan, as attorney in fact for Savage, executed an assignment to plaintiff for all sums of money then due or to become due to Savage from the defendant company not to exceed $81, and on the next day counsel for plaintiff served notice of such assignment on defendant. Defendant refused to pay, and this action was instituted. The answer of defendant shows that during the term of Savage's service he earned $62.98 in August and $14.70 for the five days in September, but alleges that the pretended assignment was null and void, for the reason that it was executed by an attorney in fact under a pretended power of attorney executed long prior to the time when Savage entered the employ of defendant. This presents the question of law involved. The district court very correctly held the assignment void, and entered judgment for defendant.

The rule is correctly stated in *Richards v. Inter Ocean Newspaper Co.*, 181 Ill. App. 515, as follows: "(1) A power of attorney to make an assignment of wages given by an employee, to plaintiff, cannot authorize plaintiff to make an assignment which will be valid against defendant a subsequent employer with whom the employee

had no contract at the time the power of attorney was executed. (2) An assignment of wages to be earned in the future from employers with whom the assignor has no contract of employment at the time of making the assignment is invalid." The same rule is announced in *Ogle Co-Operative House Furnishing Co. v. Shauman,* 188 Ill. App. 4, and in *Blakeslee v. Make-Man Tablet Co.,* 175 Ill. App. 515. Any other rule would be contrary to the clear weight of authority and against public policy.

AFFIRMED.

HAMER, J., not sitting.