## Otto Kornemann and another v. William Monaghan.

*Agency : Authority : Charge to the jury : Admission.* Where a bill of goods is sent to the purchaser by the vendors, upon an order procured by an agent of the latter, together with a bill thereof in the name of such vendors, payment to such agent, in the absence of any proof of authority in the agent to collect, or of any prior dealings between the purchaser and the vendors such as to lead the former to believe the agent had such authority, is no defense to an action by the vendors for the price of such goods.

In such action, a charge to the jury, that the plaintiffs' sending the goods on the agent's order authorized the defendant to assume that the agent was empowered to receive payment, was erroneous.

The purchaser was bound to ascertain the agent's powers; and in the absence of actual authority, the agent's statement that he had authority was not binding upon the principals. The purchaser had no right to act on any thing that did not proceed from the principals, either as actual authority, or in some form of binding admission.

*Heard October 28. Decided October 31.*

Error to Wayne Circuit.

This suit was brought by Otto Kornemann and Julius Jungbluth, against William Monaghan, to recover the price of certain goods sold by the former to the latter, through the means of an order taken by a traveling agent of the plaintiffs', named H. C. Pearl. The trial was by jury, and the verdict and. judgment were for the defendant.

*Dickinson & Dickinson*, for the plaintiffs in error.

*George H. Prentis*, for defendant in error.

CAMPBELL, CH. J.

Plaintiffs forwarded a bill of goods to defendant, ordered by the latter from one Pearl, who did not mention to whom he intended to send the order. The goods were sent to defendant directly, accompanied by a bill in the name of the plaintiffs. A letter, sent at the same time directing the price to be remitted, is sworn not to have been received. Defendant gave evidence that after receiving the bill he paid the price to Pearl, but not till he had asked him if

he had authority to receive it. There had never been any dealings between plaintiffs and defendant, but defendant had previously dealt with Pearl in agencies for other houses, and had paid him money. Pearl disappeared without paying over the money. The court charged that plaintiffs, by sending the goods on Pearl's order, authorized defendant to assume he was empowered to receive payment.

There had been no dealings whatever between defendant and plaintiffs whereby defendant could have been enabled to know any thing about Pearl's authority. An agent may have as much or as little power as his principals see fit to give him. The evidence here showed no agency whatever whereby he could lawfully bind them to any thing. In the absence of actual authority the plaintiffs could only be held on the ground that by their action they had induced defendant to believe Pearl had full authority to receive money for them. If they had sanctioned such conduct before, that might tend to support the claim. But plaintiffs and defendant had never known each other in business before. The goods were not even sent to Pearl for delivery, but were sent direct to the purchaser from the sellers. There was nothing therefore to exonerate the purchaser from ascertaining the agent's powers. This he seems to have supposed he was bound to do, but instead of inquiring of the principals he inquired only of Pearl himself. He had no right to act on any thing that did not proceed from the plaintiffs, either as actual authority or in some form of binding admission. There was no proof whatever of either of these essentials, and the payment, therefore, was entirely unauthorized, and in no way bound plaintiffs.

The judgment was erroneous, and must be reversed with costs, and a new trial granted.

The other Justices concurred.