HENRY ABRAHAMS

*v.*

HERMAN WEILLER.

| 87 | 179 |
| --- | --- |
| 137 | 545 |
| 87 | 179 |
| 150 | 137 |
| 87 | 179 |
| 107a [1] | 33 |

1. AGENCY—*purchase from one not authorized to sell.* The purchase of goods of one who had formerly been the soliciting agent of the owner, and payment to him, his only authority being to solicit orders, and whose agency in this

respect had been revoked, where such person had never been held out as having authority to sell, will confer no right on the purchaser.

2. NEW TRIAL—*newly discovered evidence.** It is the settled rule in this State, that a new trial will not be granted merely to afford an opportunity of introducing newly discovered testimony which is not conclusive in its character, but only cumulative.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN LYLE KING, for the appellant.

Mr. ADOLPH MOSES, for the appellee.

Per CURIAM: This was an action of trover, brought to recover the value of five barrels of whisky, the property of appellee, which appellant had converted to his own use. A trial of the cause before the court, a jury having been waived, resulted in a judgment in appellee's favor for the value of the goods.

Two grounds are relied upon to reverse the judgment—

*First*—It is claimed the evidence did not warrant the finding.

*Second*—A new trial should have been granted, on account of newly discovered evidence.

The goods in question had been shipped to Schmed & Labes, of Chicago, who held them in store for appellee. One Ike Ruble, who had formerly been a "soliciting agent" in Chicago for appellee, took the goods and sold them to appellant, and appropriated the money to his own use.

It does not appear that Ruble ever had authority to sell goods and collect the purchase money. His authority was, only, to solicit orders, and before this transaction occurred his agency had been revoked. The sale, therefore, made by Ruble was unauthorized, and could confer no right in the goods upon appellant.

---

*See, also, *Emory* v. *Addis*, 71 Ill. 273; *Fuller* v. *Little*, 69 id. 229; *Bell* v. *Gardner*, 77 id. 319; *Wright* v. *Gould*, 73 id. 56; *Champion* v. *Ulmer*, 70 id. 322; *Dyer* v. *The People*, 84 id. 624.

It is contended, however, there was an apparent authority for the acts of the assumed agent, which, under the circumstances, should be binding upon appellee. We perceive no ground upon which this position can be sustained. Appellant had never, prior to this transaction, bought goods of appellee, either directly or through Ruble, as his agent. There was, therefore, no ground for him to be misled, as he might have been had he previously purchased goods of appellee, through Ruble, as his agent. No course of dealing was shown from which appellant had the right to presume Ruble was authorized to act for appellee; indeed, the record discloses no fact from which a prudent man could reasonably infer that Ruble had authority to bind appellee. It was the duty of appellant, before he made the purchase and paid for the goods, to ascertain whether Ruble had authority to act for the owner. This duty he failed to observe, and the loss he sustained must be attributed to his own negligence.

As respects the decision of the court on the motion for a new trial on the ground of newly discovered evidence, we are of opinion the ruling was correct. The affidavit of the witness is not satisfactory, nor are the alleged facts conclusive in their character. We understand the rule to be settled in this State, that a new trial will not be granted merely to afford an opportunity to introduce newly discovered testimony which is not conclusive in its character, but only cumulative. *Adams* v. *The People,* 47 Ill. 376.

Under the testimony, the judgment of the court was correct, and it will be affirmed.

*Judgment affirmed.*