CHAMBERS, *Appellant*, v. SHORT.

**Agency**: AUTHORITY TO RECEIVE PAYMENT. The employment of a canvassing agent for the sale of books by subscription, confers no authority to receive payment for books sold but not delivered by him, nor ever in his possession. Following *Butler v. Dorman*, 68 Mo. 298.

*Appeal from Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

REVERSED.

*F. A. Sampson* for appellant.

*Snoddy & Short* for respondent.

HENRY, J.—This is an action on account for twenty-five parts of Doré's Gallery, at $1 per part, and for binding two volumes of the same at $12.50 per volume. The answer pleaded payment. The court tried the cause without

a jury, and the finding and judgment were for defendant, and plaintiff has appealed to this court.

The evidence for plaintiff was that the agent, who sold the books by subscription, had no authority to receive payment for them; that in August, 1878, plaintiff received from defendant, by express, twenty-five parts of Doré's Gallery with directions to add twenty-five other parts and bind them. Before doing the work plaintiff heard that the agent who sold the books, as a canvasser, was indebted to defendant, and fearing that defendant would seek to set-off his demands against the canvasser against plaintiff, he wrote to defendant, inquiring if the canvasser was indebted to him, and received an answer, stating that he was not, for borrowed money or anything else. The testimony of Tate was that for plaintiff he delivered the bound volumes to defendant, at Sedalia, and told him the charge on them was $50, that Short said "Very well," or "All right," and directed witness to take them to his house and call at his office, Monday following; and when witness went to defendant's office, Monday morning, defendant said he had paid the canvasser for them. He further testified, without objection, that it was not customary for persons canvassing for books to receive the money for them, but subscribers pay on the delivery of the books.

The defendant testified that when he made the contract for the books with the canvasser, the latter had eight parts ready for delivery; that defendant took them and paid for them; that the canvasser said he could get the books up to twenty-five parts; that witness had him to do so and paid for them; that witness wanted to get the entire work, fifty parts, bound in morocco, and asked the canvasser what he would sell it for, so bound, and he said he would write and ascertain, and subsequently came to defendant and said, with a letter in his hands, which he said was an answer from plaintiff, that the price would be $70; that they finally agreed upon $60, the canvasser agreeing to give defendant the benefit of his commission and defendant paid for the

entire set and the binding. He also contradicted Tate, stating that the first time the charge of $50 was mentioned by Tate, was at defendant's office, after the delivery of the books, and that he then told Tate he had paid. the canvasser in full. This was all the evidence.

The plaintiff then moved the court to give three declarations of law, as follows:

1. If the court finds that the plaintiff furnished the parts of Doré's Gallery, and did the binding, for which parts and binding this suit is brought, then it will find for the plaintiff; unless it further finds that the defendant has paid the amount of such indebtedness to plaintiff, or to some one whom plaintiff has held out as being authorized to receive such payment.

2. If the court finds that Du Plainval was a canvassing book agent, obtaining subscriptions for the plaintiff for books published by him and sold by subscription, and that said Du Plainval was restricted by the terms of his employment from collecting for any books or parts of books except such as were delivered by him—and they further find that said canvassing agent never had possession of the parts and works for which this suit is brought, and did not deliver the same to the defendant—then it declares the law to be that his employment as canvassing agent gave him no authority to collect the money for which this suit is brought, and it devolves upon the defendant to show that he had such authority.

3. If Du Plainval, as agent for the plaintiff, sold to defendant by sample the parts of the work for which suit is brought, and Du Plainval did not have possession of said parts, but the same were delivered by plaintiff to defendant, and if Du Plainval did not have authority from plaintiff to collect for said parts, and had no *indicia* of such authority—then the court declares the law to be that payment to him does not bind the plaintiff.

The court gave the first and third, but refused to give

the second, to which refusal the plaintiff then and there excepted.

The defendant prayed the court to give the following declaration of law: "If the court, sitting as a jury, finds from the evidence that Du Plainval was the lawfully authorized agent for the sale of the books, for the price of which the suit is brought; that plaintiff authorized him to make the sale of the books bound to defendant; that in pursuance of such authority said Du Plainval did sell the same to defendant and receive the payment of $60 for the same; then such payment binds the plaintiff, and the judgment should be for defendant." Which declaration the court gave, to the giving of which the plaintiff duly excepted.

There was a judgment for defendant, from which this appeal is prosecuted. The court erred in refusing the second declaration of law asked by plaintiff, and in giving that asked by defendant. The question involved in those instructions, was fully considered and decided in the case of *Butler v. Dorman*, 68 Mo. 298, and adhering to that decision, the judgment is reversed and the cause remanded. All concur.