## W. L. Williams v. J. M. Anderson & Co.

1. PRINCIPAL AND AGENT—*Authority to Sell on Credit Not Authority to Receive Payment.*—Authority in an agent to sell goods on credit does not authorize him to receive money in payment.

2. SAME—*Power to Sell Does Not Necessarily Imply Power to Collect.*—The power to sell does not necessarily imply the power to collect, unless the agent is intrusted with the delivery of the goods or unless there are other circumstances from which such power can be implied.

3. SAME—*Where Purchaser Pays with Notice of Agent's Lack of Authority to Collect.*—If there is an express or implied notice to the purchaser that an agent has no authority to collect money, a payment will not bind the principal.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Jackson County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

WHITNEL & GILLESPIE, attorneys for appellant.

SPANN & COWAN, attorneys for appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Suit to recover $59.18 for meat sold appellant by appellees. Upon an appeal from a justice of the peace, the case was tried by the court without a jury, resulting in a judgment for appellees for $59.18, from which judgment this

appeal was taken. Appellant admitted the purchase, but pleaded payment. The meat was sold upon an order taken by W. H. Baker, a traveling salesman for appellees, on July 27, 1900. The bill sent by appellees to appellant, and introduced in evidence by appellant, shows that the meat was shipped from St. Louis, August 11, 1900. It is receipted by Baker, August 23, 1900. At the top of this bill there is printed the word *notice* in large type; following this word *notice*, there is printed in plain, legible, ordinary type the following words: "All bills being due in this city, exchange and express charges must be paid. Bills due and not paid, subject to sight draft. Interest charged on all bills after maturity. Not responsible for money paid to salesmen." Baker did not account to appellees for the money paid. It is shown in evidence that a written contract existed between Baker and appellees, in which among other agreements is the following: "that said principal (Baker) is to make no collections of money or allowances, except upon written instructions of J. M. Anderson & Co." J. W. Lewis signed an agreement attached to this contract as surety for Baker in the sum of $500.

It not appearing that appellant had knowledge of this contract, it is of no importance in the decision of this case.

The law is well settled that authority in an agent to sell goods on credit does not authorize him to receive money in payment. Clark v. Smith, 88 Ill. 298; Abrahams v. Weiller, 87 Ill. 179; Greenhood v. Keator, 9 Ill. App. 183.

"The power to sell does not necessarily imply the power to collect, unless the agent is intrusted with the delivery of the goods, or unless there are other circumstances from which such power can be implied." Citing Am. and Eng. Ency., title Agency, p. 355, 1st Ed.

If there is an express or implied notice to the purchaser, a payment will not bind the principal. Higgins v. Moore, 34 N. Y. 417; Crosby v. Hill, 39 Ohio St. 100; Graham v. Duckwall, 8 Bush (Ky.), 12.

So also, when a printed notice on bill-head gives notice

that salesmen are not authorized to collect.    Law v. Stokes, 32 N. J. L. 249; McKindly v. Dunham, 55 Wis. 515.

The notice on the bill-head in evidence was that bills "were due in the city (St. Louis)" and that appellees "were not responsible for money paid to salesmen." This notice came to appellant before he paid the salesman. It does not appear in evidence that appellant had purchased goods from appellee through Baker or any other agent of appellee, and paid the agent for them at any time before the transaction in controversy.

The alleged fact urged by appellant, that in Belknap or any other southern Illinois towns it was the custom of traveling salesmen soliciting orders for future delivery to collect money for the goods when delivered, could not take away the right of appellees to give the notice which they did give, or to authorize appellant to pay an agent in the face of the notice that appellees would not be responsible for such payments.

Judgment affirmed.