[Civ. No. 292. Second Appellate District.—April 15, 1907.]

## G. C. LINDOW, Appellant, v. C. COHN, Respondent.

PRINCIPAL AND AGENT—AUTHORITY OF TRAVELING SALESMAN—WARRANTY OF QUALITY OF GOODS—ADJUSTMENT OF BREACH ON SECOND ORDER.—Though a traveling salesman and soliciting agent has authority to bind his firm as principal by a warranty of the quality of goods sold under his order by the firm, he has no authority, after such goods have been sold and paid for, to determine a breach of warranty and adjust the breach by agreeing that the goods so sold may be retained, and their price deducted from a second order. His authority to sell is limited to a sale for cash only.

ID.—REMEDY FOR BREACH AGAINST PRINCIPAL.—The remedy for the breach of the warranty of quality by the agent is an action by the buyer to recover damages therefor against the principal whose goods were sold through the agent to the buyer.

ID.—ACTION UPON SECOND ORDER BY ASSIGNEE—FINDINGS AGAINST EVIDENCE—AUTHORITY—RATIFICATION.—In an action by an assignee upon the second order obtained by the agent which was filled by the principal, findings that the agent was authorized to receive the former goods in exchange, and that the principal ratified the adjustment of the breach of warranty by the agent, are held to be against the evidence.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Jellett & Meyerstein, and George E. Whitaker, for Appellant.

Emmons & Irwin, J. W. P. Laird, and Fred E. Borton, for Respondent.

SHAW, J.—The facts as they appear from the record are: That one Peiser, as traveling salesman and soliciting agent of Meyerstein Company, plaintiff's assignor, sold to defendant a lot of merchandise, consisting of corduroy trousers, and

on behalf of his principal made covenants of warranty as to the quality of the goods. Some six weeks after the goods had been received and paid for by defendant, Peiser again called upon defendant, soliciting further orders for his house, when defendant for the first time made complaint, stating that the corduroy trousers were not as he had represented them; that every pair thereof which defendant had sold had been brought back to him, and that he, defendant, had been compelled to reimburse the purchasers thereof. Whereupon Peiser admitted that the goods were not as warranted, and said to defendant that he wanted his trade, that he would do all that he could to make it right and told defendant to return the goods and charge his principal, the Meyerstein Company, with the goods shipped back, plus freight charges and the amount of defendant's loss in making adjustments with his customers. Defendant then gave Peiser an order on Meyerstein Company for the bill of goods, the purchase price of which is herein involved. The order was transmitted to Meyerstein Company, who in due course of time shipped the goods as per order. The defendant, pursuant to his agreement with Peiser, returned to Meyerstein Company the unsold portion of the first bill of goods, and after deducting the price of the goods so returned, together with freight charges and the amount which defendant had paid to his customers in making adjustments with them, sent to Meyerstein Company his check for the balance, in settlement of this last bill of goods. The Meyerstein Company refused absolutely to accept the return of the goods, and by letter stated: "We return you your check, shipping receipt and Wells, Fargo & Co. receipt. The goods that you shipped back will lay at the railroad at your expense, as we positively refuse to accept them." The assignee of Meyerstein Company thereupon brought suit for the amount of the last bill of goods, and judgment was rendered for defendant, from which and an order denying his motion for a new trial, the plaintiff appeals.

The court found that Peiser, as agent of Meyerstein Company, had authority to make the agreement for the return of the corduroy trousers and settle and allow the amount of damages claimed by defendant, as a condition of defendant giving the second order for goods, and found further that Meyerstein Company ratified the acts of its agent. There is nothing in the record disclosing the extent of Peiser's author-

ity, other than the fact that he was the traveling salesman of Meyerstein Company, engaged in soliciting orders for his house. It thus appears that no actual authority, as defined in section 2316, Civil Code, was conferred upon him to make this agreement. Hence, the only question, aside from the ratification found by the court, is whether or not the making of the agreement for the return of the goods to his principal was within the scope of his employment as traveling salesman or soliciting agent. Did the position clothe him with authority to make the said agreement with defendant, and, if not, did Meyerstein Company ratify his acts in that behalf? Peiser's authority to sell carried with it the authority to warrant the quality of the goods sold (Civ. Code, sec. 2323), and the court, upon sufficient evidence, finds that he did so warrant them. This section of the code, however, cannot be extended so as to clothe the agent with authority to determine, not only whether there was a breach of the covenants of warranty, but also to adjust and allow the damages which defendant claims to have sustained by such breach. Section 2325, Civil Code, provides that a general agent intrusted with the possession of goods sold may receive the price for which they are sold, but in this case the agent was not so intrusted. There is no evidence of custom, previous dealings, or evidence of any character, which tends to show that Peiser was held out by his principal as possessing other than the ordinary authority incident to the business of soliciting agent (Civ. Code, sec. 2337), and that was merely to solicit orders and transmit them to his principal. (*Chambers* v. *Short,* 79 Mo. 204.) His principal was not bound to complete the sale, but might, at its option, decline to fill the order. (6 Ency. of Law, p. 227.) In the absence of evidence to the contrary, "to sell" means to sell for cash, and an agent authorized to sell has no authority to receive other goods in part payment (*Organ Co.* v. *Starkey,* 59 N. H. 142); and in this case Peiser had no authority solely by virtue of his position to bind his principal upon an agreement to receive back a portion of the goods in the way of barter in payment for the second order. (*Clough* v. *Whitcomb,* 105 Mass. 484; Benjamin on Sales, p. 728; *Hayes* v. *Colby,* 65 N. H. 192, [18 Atl. 251]; *Seiple* v. *Irwin,* 30 Pa. St. 513.) Defendant had paid Meyerstein Company for the first bill of goods and the transaction was complete, and left defendant with his cause of action against the

principal for any breach of warranty made by the agent in the sale thereof.

We are, therefore, of the opinion that the evidence is insufficient to justify the findings to the effect that Peiser was authorized to make, on behalf of his principal, the covenants and agreement upon which respondent bases his defense.

The court finds that Meyerstein Company ratified and affirmed the acts of Peiser, and respondent contends that, even conceding that authority was lacking in Peiser to make the agreement, the ratification is sufficient to bind his principal. It is true that Meyerstein Company filled the second order and shipped the goods to defendant. But this in itself would not constitute a ratification on the part of the company, unless it had notice of Peiser's alleged agreement with defendant before making delivery of the goods. (Civ. Code, sec. 2310; *Lumber Co.* v. *Krug,* 89 Cal. 237, [26 Pac. 902]; *Owings* v. *Hull,* 9 Pet. (U. S.) 607.) There is no evidence tending to show that the company had any knowledge of the alleged agreement claimed to have been made with Peiser prior to such shipment, and it appears from the letter which defendant offered in evidence that it repudiated the agreement in the strongest possible language and returned to defendant his check. Such disavowal was sufficient. We cannot agree with respondent that Meyerstein Company received the goods that were returned. The contrary clearly and conclusively appears.

The judgment and order appealed from are reversed.

Allen, P. J., and Taggart, J., concurred.