Scarritt-Comstock Furniture Co. v. John C. Hudspeth.

clusions of law and to restate the same in accordance herewith, or grant a new trial, as seems most consistent with justice and right.

Gillette, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.

SCARRITT-COMSTOCK FURNITURE COMPANY, *a Corporation*, v: JOHN C. HUDSPETH.

(Filed September 5, 1907.)

(91 Pac. 843.)

1.  PRINCIPAL AND AGENT—Authority of Agent—Sale and Collection. Authority to an agent to sell goods does not of itself and alone apparently give to the agent authority to collect pay for the goods thus sold.

2.  SAME—Burden of Proof—Collections by Traveling Salesman. Where a traveling salesman sells goods by sample or from catalogues and price lists, sending the orders to his principal to be filled, the presumption is that such agent has not the authority to collect for such goods; and where a purchaser, subsequent to the date of ordering goods through such an agent, makes payments thereon to him, he does so at his peril, and in litigation for the value of the goods, the authority of the agent to make such collections being denied by his principal, the burden is on the purchaser to prove that the agent had such authority; and where the court instructs that such purchaser should be given credit for all payments made to such agent, unless he had notice or knowledge of the fact that such agent had no authority to collect for goods so sold, and judgment is rendered charging such payments to the seller, it will be presumed that the erroneous instructions operated to the prejudice of the seller, and a new trial should be granted by reason thereof.

3.  SAME—Authority to Compromise. Authority to an agent to sell goods does not carry with it authority to compromise differences which may arise between his principal and those to whom he sells goods, by reason of the goods not coming up to the standard represented; and, where a purchaser relies upon a compromise with such an agent, the burden is on him to establish the agent's authority (if such fact be in dispute) to effect compromises in such cases.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before Clinton F. Irwin, Trial Judge.*

Reversed and remanded.

*Blake, Blake & Low,* for plaintiff in error.

*Joseph G. Lowe* and *W. T. Beeks,* for defendant in error.

Opinion of the court by

BURWELL, J.:  One George B. Barron, as the traveling salesman for the Scaritt-Comstock Furniture Company, sold a bill of goods to Joseph C. Hudspeth amounting in all to six hundred and forty-five dollars and eighty-seven cents, consisting of chairs, center tables, dressers, bedsteads, mattresses, and other household furniture. The bill of goods was sold from price lists and catalogue which showed pictures or cuts of the articles ordered. When the goods were received it was found that the wholesale house had made certain substitutes where the patterns ordered were out of stock, and Hudspeth claimed that the goods were not of the quality ordered. Complaint was made to the house, and Hudspeth alleges that a settlement was made with the salesman, Barron, whereby the appellant was to knock off 25 per cent. of the price, and also that he had paid Barron on the goods subsequent to the sale, in all, one hundred and sixty dollars on the account, and for which he held Barron's receipt. The appellant denied the receipt of this money by Barron, and also denied his authority to compromise the matter with Hudspeth.

·On the question of presumption regarding the authority of the agent, Barron, to receive the money, the court instructed as follows:

"The jury are instructed that if they believe from the evidence that the George B. Barron mentioned in evidence came to El Reno as the agent of the Scarritt-Comstock Furniture Co., and as such agent made the sale of the furniture mentioned in evidence, then the defendant will be entitled to credit on the furniture account for any payments that he had made to said Geo. B. Barron as the agent of said company on said furniture, unless the jury believe

from the evidence that the defendant had notice of the fact, or had knowledge that the said Geo. B. Barron was not authorized to collect for said company for said furniture, or that the circumstances and surroundings of such payment were such as to have given the defendant notice of the fact that said Barron had no authority to collect."

.The instruction, in effect, tells the jury that if George B. Barron, the alleged agent of the company, made the sale in question to the defendant, then the defendant should have credit for all payments made to such agent, unless the jury believe from the evidence that the defendant had notice or knowledge of the fact that Barron was not authorized to collect for the furniture for the company, or that the circumstances and surroundings of such payment were such as to have given the defendant notice of the fact that Barron had no authority to collect.

The giving of the instruction was reversible error. The presumption of law is that one who is not in possession of goods, and who sells the same on credit, has not the authority to subsequently collect therefor, and the burden is on one making such payment to such an agent to establish by a preponderance of the evidence that the agent has authority to collect. The presumption is that such authority has not been conferred, unless the agent is in possession of the goods sold. In 1 Am. & Eng. Enc. of Law (2 Ed.) page 1014, it is said:

."Where the principal has clothed the agent with the indicia of authority to receive payment, as by entrusting him with the possession of the goods to be sold, the purchaser is warranted in paying the price to the agent at the time of the sale. But when the agent has not the possession of the goods, and no other indicia of authority, and is only authorized to sell, the purchaser pays the agent at his peril, and it devolves upon him to show that the agent was authorized to receive payment."

"An agent selling on credit has no implied authority to subsequently collect the price, unless the principal has held him out to third persons as having authority to receive payments."

And again on page 1016 of the same book, it is declared:

"Independent of a controlling usage to the contrary, a travel-

ing salesman or agent merely to solicit orders for goods has no implied authority to receive payment therefor."

The following cases support the rule above declared: *Kane v. Barstow*, 42 Kan. 465, 22 Pac. 588, 16 Am. St. Rep. 490; *Graham v. Buckwall,* 8 Bush. (Ky.) 12; *Butler v. Dorman,* 68 Mo. 298, 30 Am. Rep. 795; *Chambers v. Short,* 79 Mo. 204; *Abraham v. Weiller,* 87 Ill. 179; *Kohn v. Washer,* 64 Tex. 131, 53 Am. Rep. 745; *Higgins v. Moore,* 34 N. Y. 417; *Crosby v. Hill,* 39 Ohio St. 100; *McKinley v. Dunham,* 55 Wis. 515, 13 N. W. 485, 42 Am. Rep. 740; *Karneman v. Monaghan,* 24 Mich. 36; *Meyer, Bennerman & Co. v. Stone & Co.,* 46 Ark. 210, 55 Am. Rep. 577; *Diversy v. Kellogg,* 44 Ill. 114, 92 Am. Dec. 154; *Clark v. Smith,* 88 Ill. 298; *Law v. Stokes,* 32 N. J. L. 249, 90 Am. Dec. 655; *Seiple et al. v. Irwin et al.,* 30 Pa. St. 513; *Janney v. Boyd,* 30 Minn. 319.

The burden was also on the defendant to show by a preponderance of the evidence that the salesman, Barron, had authority to compromise the difference with Hudspeth.

It may be that the evidence was sufficient to authorize the jury in finding for the defendant even under the rule announced in this opinion. This, however, is not necessary to decide. The authority to collect from Hudspeth and to make the compromise or settlement claimed by him to have been made were issues of fact, and, the burden having been placed on the appellant under the instructions, when the law placed it upon Hudspeth, the presumption is that the appellant had been prejudiced by reason thereof.

The judgment of the lower court should be reversed, and the case remanded, at the cost of the appellee, and a new trial granted. It is so ordered.

Irwin, J., who preseided in the court below, not sitting; all the other Justicess concurring.