### Isador Good, Plaintiff in Error, v. Simon Arkin, Defendant in Error.

### Gen. No. 14,322.

1. AGENCY—*burden of proof to establish.* The onus of proving agency and resulting authority in the agent to collect an account rests upon the defendant who has interposed payment which is an affirmative defense.

2. MUNICIPAL COURT—*when final judgment entered upon appeal.* Where a case has been tried in the Municipal Court without the intervention of a jury the Appellate Court will on appeal render a proper final judgment, if the record will admit of it.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1908. Reversed and judgment here. Opinion filed March 4, 1909.

GARDNER, STERN & ANDERSON, for plaintiff in error.

No appearance by defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The plaintiff, doing business in St. Louis, Missouri, sued defendant, engaged in business in Chicago, claiming $182.83 for goods sold and delivered. An item charged in this account of $51.53, it was conceded on the trial, was not received by defendant, which reduced the amount for which plaintiff asked judgment to $137.83. Defendant, while admitting the receipt of goods to amount and value of $137.83, defended on the ground that he discharged the claim by payment to plaintiff's representative. The trial judge, holding that defendant had sustained his contention of payment, entered a judgment of *nil capiat* and for costs against plaintiff. Plaintiff brings the record to this court for review and asks a reversal of the judgment of the Municipal Court and judgment in his favor here for the amount of his claim.

It seems that plaintiff had in his employ at St. Louis a man named Jacob Guggenheim as bookkeeper. As such bookkeeper part of his duties was to conduct correspondence in the business of plaintiff. There was at no time any personal dealings between Guggenheim and defendant, and no personal acquaintance. On June 30, 1907, Guggenheim was discharged and quit the employment of plaintiff. He came to Chicago and, July 1, 1907, saw defendant at his place of business and presented the account in question for payment. Not being personally known to defendant he identified himself by demonstrating that the correspondence from plaintiff to defendant, although none

of it was signed in his name, was in his handwriting.
He also claimed to be a partner with plaintiff in the
business of the Chic Waist Company. There was
nothing in the correspondence or in the letter or bill
heads or other stationery used by plaintiff in his busi-
ness to lend verity to this claim. Defendant there-
upon gave to Guggenheim a check as follows:

"KRAUS SAVINGS BANK No. 1961.
(John M. Kraus & Sons)
CHICAGO, July 1, 1907.

Pay to the order of Chic Waist Co.................(131.60)
One Hundred thirty one & 60/100 Dollars.
SIMON ARKIN."

This check was certified by the bank and endorsed
"Chic Waist Co. J. Guggenheim, J. Oswego".

On plaintiff discovering the fraudulent endorse-
ment of this check by Guggenheim, payment was
stopped at the bank, and defendant testified that the
money is in the bank subject to payment to the right-
ful owner.

It is clear that defendant cannot escape payment of
plaintiff's claim, save upon the theory that Guggen-
heim was plaintiff's agent, and authorized to receive
the amount due and discharge payment thereof. There
is no proof in this record that Guggenheim was the
agent of plaintiff, authorized to collect this account.
The onus of proving agency and resulting authority
in Guggenheim to collect the account rested upon de-
fendant as an affirmative defense. The law does not
presume agency in such cases. It must be proven by
competent evidence or such facts and circumstances
sufficient to raise therefrom the presumption of agency.
The authorities to this effect are numerous and uni-
form. 2 Mechem on Agency, sec. 276; Abrahams v.
Weller, 87 Ill. 179; Clark v. Smith, 88 Ill. 298; Will-
iams v. Anderson, 107 Ill. App. 32.

As the cause was tried before the court without a
jury, we will render judgment here for the amount
of plaintiff's claim, that being the judgment which

should have been entered by the Municipal Court under the evidence in the record.

Therefore the judgment of the Municipal Court is reversed and a judgment will be entered here in favor of plaintiff below for the sum of $137.83.

*Reversed and judgment here.*