within the time provided by the statute, but was over-ruled. Section 21 also provides that "If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside, or modified by bill in equity: Pro-vided, however, that all errors in fact in the proceed-ings in such case, which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the Circuit Courts."

In the present case no "petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying" the judgment was filed. The order en-tered November 16, 1912, overruling the motion of the defendants to vacate the judgment entered on August 7, 1912, was properly made, as the court lacked juris-diction to enter the order prayed for.

The judgment is affirmed.

*Affirmed.*

**J. Richards, Defendant in Error v. George E. Olsen, trading as Reliance Fuel & Transfer Company, Plaintiff in Error.**

**Gen. No. 19,141. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed. Opinion filed March 10, 1914.

## Statement of the Case.

Action by J. Richards against George E. Olsen, trading as Reliance Fuel & Transfer Company to recover on an assignment of future wages given to plaintiff by one Nicholas Nelson at a time before entering the employ of defendant. From a judgment for plaintiff, defendant brings error.

Harry Bierma, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Clark delivered the opinion of the court.

### Abstract of the Decision.

Assignments, § 3*—*when future wages assignable.* Wages to be earned under an employment existing at the time of the assignment are assignable, but not money to be earned thereafter under a new employment.

---

## William Gilman, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

### Gen. No. 19,144.

1. Municipal Court of Chicago, § 13*—*when statement of claim does not state a cause of action.* In an action for personal injuries in the Municipal Court a statement of claim which did not allege negligence on the part of defendant or due care on plaintiff's part does not state a cause of action under the rules of common-law pleading.

2. Appeal and error, § 445*—*when insufficiency of declaration to state a cause of action may be raised.* At common law the fact that a declaration does not state a cause of action is not waived

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.