## Joe Ellis for use of W. S. Dorris, Appellee, v. Saline County Coal Company, Appellant.

1.  ASSIGNMENTS, § 3*—*when assignment of future wages valid.* Where a debtor is in the actual employment of another and is receiving wages under a subsisting engagement, an assignment by him of his future earnings may be made, not for security and payment of an existing indebtedness, but for such advances as he may find it necessary to obtain.

2.  ASSIGNMENTS, § 3*—*when assignment of future earnings invalid.* An assignment of wages to be earned under a future employment not contracted for at the time of the making of the assignment is invalid.

3.  ASSIGNMENTS, § 3*—*when debtor may not assign wages by power of attorney authorizing.* A debtor cannot assign his wages by an attorney in fact authorized by a power of attorney entered into before the contract of employment was made.

4.  PRINCIPAL AND AGENT, § 102*—*when duty of employer to ascertain authority of agent to make assignment of wages.* Agency to make an assignment of wages cannot be presumed, and an employer who deals with a pretended agent and makes payment of the money to such agent without ascertaining his authority does so at his peril.

5.  ASSIGNMENTS, § 28*—*when payment by employer to creditor of employee under invalid assignment of wages no defense.* Payment to a creditor under an invalid assignment of wages after notice of an existing valid assignment is no defense, and it is immaterial that the employer has not accepted the second assignment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the County Court of Saline county; the Hon. CHARLES D. STILWELL, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

WHITLEY & COMBE, for appellant.

LEWIS, RONALDS & LEWIS, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This was a garnishee proceeding in which plaintiff obtained a judgment against the defendant for $36.05, to reverse which this appeal is prosecuted.

It appears from the record in this case that on November 1, 1913, Joe Ellis was engaged at work for the O'Gara Coal Company, and became indebted to C. V. Parker, who was doing business as the City Loan & Insurance Company, for money advanced by the said Parker to the said Ellis, and to secure the repayment of such money the said Ellis, on the 1st day of November, 1913, executed a power of attorney appointing C. V. Parker attorney in fact, and therein directed the said Parker "at any time hereafter, at his option, when I may be indebted to the said City Loan &, Insurance Company, to make, execute, acknowledge and deliver to said City Loan & Insurance Company, as collateral security for any such indebtedness, an assignment and transfer to said City Loan & Insurance Company of all my wages, salary and commissions then owing or to be thereafter earned from any individual, firm or corporation by whom I may be then employed"; and further authorizes his said attorney at his option to make "like successive assignments of my said wages, salary and commissions, until any and all sums of money due or hereafter becoming due from me to the said City Loan & Insurance Company are satisfied in full." Under this power of attorney money was from time to time advanced by Parker to Ellis

and the wages due were assigned to the City Loan & Insurance Company in repayment of the loans. Ellis continued to work for the O'Gara Coal Company until sometime previous to November 1st.

On November 5, 1914, he began work for the Saline County Coal Company and continued to borrow money from the City Loan & Insurance Company, but executed no new papers. On November 28, 1914, he arranged with one W. S. Dorris to borrow some money from him, and on that date assigned to the said W. S. Dorris "all wages and claim for wages or commission earned and to be earned, and all claims or demands due or to become due me from the O'Gara Coal Company, the Wasson Coal Company and the Saline County Coal Company, their successors, heirs and assigns, or any other firm, person, company or corporation by whom I may hereafter be employed, or who may owe me money for any consideration whatsoever for the next six years from the date of this assignment"; and by the same instrument appointed W. S. Dorris his attorney in fact to receive and receipt for said money and take all legal measures for the recovery thereof. On April 1, 1915, the said C. V. Parker, by virtue of the power of attorney executed November 1, 1913, made an assignment of wages due Joe Ellis from the said Saline County Coal Company to the City Loan & Insurance Company, and on the same date filed the same with the Saline County Coal Company. The pay days at the Saline County Coal Company were on April 30th and May 15, 1915, and there was due to Ellis on April 30th, $42.25, and on May 15th, $36.05. On April 30, 1915, and before the wages of Ellis had been paid out, the appellee served notice upon the Saline County Coal Company and left with it the assignment of the wages of Ellis due appellee. On the next day the assignment was returned by the Saline County Coal Company to appellee and he was informed that there was a prior assignment of the Ellis wages to the City Loan & In-

surance Company, and appellant thereupon refused to pay Dorris any part of his claim.

It further appears from the evidence that on April 1, 1915, Ellis was indebted to the City Loan & Insurance Company in the amount of $24.05, which was due and unpaid. Upon the facts above set forth, the court rendered judgment for the appellee in the amount of $36.05.

The real question of dispute in this case is as to whether Parker or Dorris is entitled to this money. It is contended by Dorris that the power of attorney and the assignment made to Parker is invalid for the reason that, at the time of the making of the power of attorney authorizing Parker to make the assignment of wages, Joe Ellis was not engaged at work for the Saline County Coal Company, and had no contract to work for them but was engaged at work for the O'Gara Coal Company. Upon the other hand, it is contended by appellant that the assignment so made to Parker was valid and that Parker was prior in point of time in presenting his assignment, and that Parker was entitled to receive the money.

If Ellis was at the time of the commencement of this suit indebted to Parker, and the assignment was valid, then there could be no question about the rights of Parker to receive the money. It is disclosed by this record that on April 30, 1915, there was $42.25 and on May 15, 1915, $36.05 earned and owing for labor performed by Joe Ellis from the Saline County Coal Company, and the only indebtedness that is shown to exist by Ellis to Parker is $24.05 on April 1st, and it does not appear that any money was obtained by Ellis from Parker after that date, so that there was more than money enough owing by the Saline County Coal Company on April 30th to reimburse Parker, but as it does not appear from the evidence that the coal company had notice of the amount that was really due from Ellis to Parker, the case will have to be deter-

mined upon the validity of Parker's power of attorney and assignment.

The Supreme Court of this State is committed to the doctrine that "when the debtor is in the actual employment of another and is receiving wages under a subsisting engagement, an assignment by him of his future earnings may be made, not only for security and payment of a present indebtedness, but for such advances as he may find it necessary to obtain." *Mallin v. Wenham*, 209 Ill. 252. In the decision of the case last above cited, stress is laid upon the fact that the debtor was at the time in the employment of the trustees under a subsisting contract.

It seems to be the well settled law of this State by numerous decisions that a workman cannot himself assign wages to be earned in a future employment for which he has not contracted at the time of the assignment; and it seems to be equally well settled that he cannot assign his wages by an attorney in fact authorized by power of attorney entered into before the contract of employment is made. *Ogle Co-operative House Furnishing Co. v. Shauman*, 188 Ill. App. 4; *Stromberg, Allen & Co. v. Hill*, 170 Ill. App. 323; *Richards v. Olsen*, 185 Ill. App. 395. Many decisions referred to in the cases above cited sustain this doctrine.

This record discloses that the power of attorney under which defendant claims that Parker is entitled to this money was executed on November 1, 1913, and while Ellis was at work for the O'Gara Coal Company, and fully a year before he began working for the appellant, and we do not believe that Parker was entitled to receive this money. It is insisted, however, that the defendant is an innocent party in this matter and should not be made to suffer. The defendant knew it was dealing with an agent of Ellis' and either did know, or should have known, the extent of the authority of this agent, Parker, who made the pretended assignment, and if the defendant had called upon him

for his authority it could have at once seen that his authority was invalid under the law. Agency could not be presumed, and the defendant dealt with Parker as an agent at his peril, and if he was not lawfully authorized to make the assignment and receive this money, then the payment under such could not be justified. *Good v. Arkin*, 147 Ill. App. 390.

It is further insisted that appellant never accepted the assignment made by Ellis to Dorris; this was not necessary when it was brought to the notice of the defendant that the assignment had been made, then it could do no act to prejudice the rights of the assignee. "Payment by him to the nominal creditor, after such notice of assignment, without the consent of the assignee, will be no defense to an action brought for the benefit of assignee; neither can the original parties, after such notice, make any compromise or adjustment of the cause of action as against the assignee." *Chicago Title & Trust Co. v. Smith*, 158 Ill. 417.

We believe that under the facts as disclosed by this record the lower court was fully warranted in rendering judgment for appellee, and finding no reversible error in the proceeding, the judgment of the lower court is affirmed.

*Affirmed.*