[Civ. No. 6673. First Appellate District, Division Two.—June 26, 1929.]

BURROUGHS ADDING MACHINE COMPANY (a Corporation), Respondent, v. BERNARD HARRIS, Appellant.

Walter E. Dorn and L. W. Lovey for Appellant.

Brownstone & Goodman and Herman A. Bachrack for Respondent.

KOFORD, P. J.—Defendant appeals from a judgment in favor of plaintiff for the agreed purchase price of an adding machine. The machine was delivered to defendant about September 22, 1927, and was returned to the plaintiff October 1. The questions presented by the appeal are whether there was a contract of sale and, if so, was it canceled when the machine was returned?

C. A. Irons, a salesman working either for the plaintiff or for the Adding Machine Exchange store at 562 Market Street, San Francisco, obtained the signature of the defendant to an order or contract made out upon a printed form which was apparently prepared and supplied by plaintiff. It read: "Please enter the order of the undersigned for the following secondhand adding machines." Here follows description of the machine and numerous clauses defining the obligations of the parties. The document contained the further clause: "This order is not binding until accepted by the Company at its Executive Office. Notice of acceptance is hereby waived by the undersigned." A blank space was provided at the end of the form for the signature of someone on behalf of plaintiff at its executive office.

B. Harris is the defendant and the sole proprietor of The Harris Company. His testimony was that he told Irons that the machine was not satisfactory and that thereupon Irons said "send it back and I will cancel the contract" so defendant gave the contract to Irons and sent the machine back to the Adding Machine Exchange store, October 1st. Mr. Irons, the salesman, was not a witness and defendant's version of his conversation with him is therefore uncontradicted except possibly the following: C. A. Ray, general manager of the Adding Machine Exchange store, testified that upon the return of the machine to his store he telephoned to the defendant's store asking for Mr. Harris and that whoever answered the phone said the machine was returned pursuant to arrangements made with Mr. Irons for a different and later type of machine, so he let the machine remain.

Mr. Engelhardt, manager of Burroughs Adding Machine Company at San Francisco, testified without objection that

no one but himself had authority to take back sold machines and he only upon instructions from the home office; that before delivery of the machine certain attachments had been added at defendant's request. He also testified that he sent letters to defendant. These letters were self-serving in the main part and had no evidentiary value except to show that the return of the machine was not accepted as a rescission or cancellation of the alleged contract.

■ As a salesman Irons had no authority to cancel the contract if one existed. His authority was to sell and not to cancel the sale after one was made. *Lindow* v. *Cohn*, 5 Cal. App. 388 [90 Pac. 485], is directly in point, being much similar in its facts to the case at bar. (See, also, *Thomas* v. *Anthony*, 30 Cal. App. 217 [157 Pac. 823]; *Morton* v. *Albers Bros. Milling Co.*, 66 Cal. App. 391 [226 Pac. 809].)

■ The question remains whether a contract of sale had been entered into under the facts. The appellant contends that no contract existed because it was never signed by respondent at its executive office as contemplated. He contends that this fact brings the case within the general rule that in such case no contract is made until signed by all who are intended to sign. Respondent contends for the application of the exception of that rule, namely, that where the parties have both acceded to the terms of the contract and acted upon it as if it had been formally entered into as contemplated, then the parties are estopped from asserting that the contract does not exist. (*Sparks* v. *Mauk*, 170 Cal. 122 [148 Pac. 926]; *Vitagraph* v. *Liberty Theatres*, 197 Cal. 694 [242 Pac. 709].) We need not determine whether the acts of the parties in this action are such as to bring the case within the exception to the general rule because it has been called to our attention upon the oral argument that the appellant's answer by its failure to deny certain allegations of the complaint has admitted the making of the contract and the delivery of the machine by the plaintiff. The judgment-roll shows this to be the fact.

The judgment appealed from is therefore affirmed.

Nourse, J., and Sturtevant, J., concurred.