[Civ. No. 8169. First Appellate District, Division Two.—June 8, 1932.]

TYNAN LUMBER COMPANY (a Corporation), Respondent, v. W. A. HAMMOND COMPANY (a Corporation) et al., Defendants; E. D. CODDINGTON MANUFACTURING COMPANY (a Corporation), Appellant.

160

J. A. Bardin and J. T. Harrington for Appellant.

Paul L. Pioda for Respondent.

NOURSE, P. J.—Plaintiff sued for the breach of an oral contract. The cause was tried without a jury and plaintiff

had judgment from which the defendant Coddington Company has appealed on typewritten transcripts.

The complaint alleged that, on February 5, 1929, plaintiff and defendants made an agreement whereby plaintiff was appointed exclusive sales agent for the sale of "Ecod Fabric" in certain territory in Monterey and San Benito Counties; that in accordance with this agreement plaintiff purchased a carload of said fabric, paying defendants $4,000 therefor; that by the terms of said agreement, plaintiff was given the privilege of canceling the agreement at any time and that, in such event, "the said defendants would, within a reasonable time from the date of said cancellation, dispose of and pay plaintiff the cost price thereof for any and all of said fabric remaining in plaintiff's possession at the time of the cancellation of said agreement"; that, on September 28, 1929, plaintiff became dissatisfied with said agreement and demanded that defendants remove all the stock then on hand and pay plaintiff the cost price of said stock, which was alleged to be $2,587.50. The defendants Hammond and Hammond Company defaulted. The defendant Coddington Company filed a general denial. The trial court found all the allegations of the complaint true except that the cost price of the stock in the hands of plaintiff was $1587.50 and judgment was given in that amount.

The evidence discloses that the Hammond Company was the Pacific Coast representative and sales agent for the Coddington Company, which was a Wisconsin corporation; that a representative of the Hammond Company entered into negotiations with plaintiff for the sale of the Ecod product and agreed to designate plaintiff as sales agent for territory in Monterey and San Benito Counties; that, on February 5, 1929, Hammond addressed a letter to plaintiff offering to appoint plaintiff exclusive sales agent for that territory, agreeing to assist plaintiff in making sales, and agreeing "that if you decide that the agency is not satisfactory, you may cancel the agreement and we will see that your stock is disposed of within a reasonable length of time." Plaintiff thereafter placed an order with the Coddington Company through Hammond as salesman which was on a printed form used by that company for the purpose

and which was signed by L. H. Tynan on behalf of plaintiff company. This order reads in full as follows:

"05064 E. D. Coddington Mfg. Co. North Milwaukee, Wis. Date....
S. F. Feb. 11, 1929—Ship to——Tynan Lumber Co. Address.......
Their order #861S—City & State——Salinas, Calif. Ship via......
S. P. Delivery——Ship When——at once Terms: 2% Cash 10 Days——
30 Days Net. F. O. B. Salinas.

| Quantity | Description | Price Amount |
|---|---|---|
| 16 M yds. | Plain Interior Plaster Fabric | 25c per yd. |

To be loaded so one half can be forwarded in car to Monterey—Invoice in Duplicate
8 M yds. to Salinas Yd.
8  "  "  " Monterey "
Send Invoices to Salinas.

L. H. Tynan

Wired Factory 2/12/29——W. A H.——

THIS ORDER IS SUBJECT TO ACCEPTANCE BY HOME OFFICE. NO AGREEMENTS, WRITTEN OR VERBAL, WILL BE RECOGNIZED UNLESS ATTACHED AND MADE PART OF THIS ORDER.

Salesman—W. A. Hammond Customer's O. K.—DUPLICATE ENDORSED":

The material was delivered to plaintiff in accordance with this order and in due time plaintiff paid the Coddington Company the full sum of $4,000 to cover the cost of the invoice. The plaintiff did not meet with success in the disposal of the stock, and, in September, 1929, gave his notice of "cancellation" of the contract. Stated briefly, the case is this: The parties executed a written contract for the sale of goods containing a stipulation that no other agreements were binding upon them. Plaintiff has picked out a portion of the prior negotiations in parol upon which it sues.

The judgment must be reversed because, first: ▮ The contract pleaded in the complaint and upon which the judgment was based was never made. The contract with Hammond endeavored to obligate appellant, in the event of cancellation, to see that the balance of the stock was disposed of within a reasonable length of time. The contract upon which the action is founded purported to obligate the appellant to pay respondent "the cost price" of all stock remaining in respondent's possession at the time of cancellation.

The variance between pleading and proof is material. The contract in evidence does not in any sense purport to guarantee respondent a definite return on the sale of the stock. Respondent could have sold all the stock purchased at less than the cost price without any recourse to appellant. Thus the agreement to see that the stock is disposed of presupposes a *sale* of the remaining stock in the open market. It certainly did not contemplate that respondent could require appellant to reimburse it for the full amount paid and retain the balance of the stock. But such is the judgment appealed from.

■ Second: The written contract of February 11, 1929, between appellant and respondent, referred to in the record as the "order", contains no ambiguities or uncertainties and requires no evidence to aid its interpretation. It is a simple contract for the sale and delivery of goods at fixed price and place and, by its express terms, is made complete in itself and not subject to any parol agreements or prior negotiations. This contract was executed by appellant's sales agents who, in that respect, were acting within the scope of their authority.

The prior negotiations of February 5, 1929, between Hammond and respondent have no binding effect upon appellant in respect to the portion sued on because, as sales agent for appellant, Hammond had express authority to enter into contracts for the sale of appellant's goods, but had neither express nor ostensible authority to agree to the rescission of such contracts. (*Lindow* v. *Cohn*, 5 Cal. App. 388, 390 [90 Pac. 485]; *Thomas* v. *Anthony*, 30 Cal. App. 217, 221 [157 Pac. 823]; *Morton* v. *Albers Bros. Milling Co.*, 66 Cal. App. 391, 398 [226 Pac. 809]; *Burroughs Adding Mach. Co.* v. *Harris*, 99 Cal. App. 604, 606 [279 Pac. 216].) The letter of February 5th purported to give to respondent the right to rescind the contract of sale with appellant whenever respondent should feel dissatisfied. That an agent cannot so bind his principal unless authorized by the latter is the rule of the cases just cited.

■ There is no presumption of such authority which can be brought to the aid of the judgment; the presumption is to the contrary. (*Morton* v. *Albers Bros. Milling Co., supra.*) There is no reasonable inference which can be drawn to support the judgment because the express stipula-

tion in appellant's contract that "no agreements, written or verbal, will be recognized unless attached and made part of this order" compels the inference that Hammond was not authorized to bind his principal by any collateral agreement not attached to the contract. There is, of course, no evidence of ostensible authority; the evidence is all to the contrary. There is no room for an inference of ratification because there is no evidence that appellant had any knowledge of Hammond's agreement.

The point that respondent is not bound by the stipulation in the order contract excluding other agreements because respondent's signature appears above that portion of the contract is not sound. The order was plainly printed on a single sheet of paper; the clause at the end was not hidden or disguised in any manner; it was emphasized by capital letters as in the copy appearing in the forepart of this opinion. It was an essential part of the contract and respondent must be presumed to have assented to all the terms specified. (*Eldridge* v. *Mowry,* 24 Cal. App. 183 [140 Pac. 978].)

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 8, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 4, 1932.