[Civ. No. 12018. First Dist., Div. One. Sept. 30, 1942.]

M. B. DRIVER, as Sheriff, etc., Plaintiff, v. INTERNATIONAL AIR RACE ASSOCIATION OF AMERICA (a Corporation) et al., Defendants; J. A. STEELE, Appellant; H. C. CARRASCO, as Labor Commissioner, etc., et al., Respondents.

L. L. Steele and John Jewett Earle for Appellant.

Fred G. Goldsworthy, Olney L. Huff, Dinkelspiel & Dinkelspiel and Fred S. Herrington for Respondents.

WARD, J.—This is an appeal from the judgment in an interpleader action brought by the sheriff of Alameda County to determine conflicting claims upon a fund of $2,003.15 in his custody.

Appellant Steele recovered judgment against International Air Race Association for $1,421.12. On February 6, 1939, he caused a writ of execution to be levied on the fund of $2,003.15 in possession of the sheriff. The sheriff had originally taken this fund under a writ of attachment issued in an action by one Buttner against the association, which was released on February 28, 1939. The fund consists of box office receipts of the association from an air show. One of the questions argued on this appeal, as will appear hereafter, is whether prior to the levy of execution appellant Steele had procured a valid attachment on the fund, junior to that of Buttner.

The respondents had filed labor claims in the action brought by Steele against the association, as provided by sections 1206-1208, Code of Civil Procedure. In the present action in interpleader the court held that respondent Rogers was entitled to recover $450 from the fund, and respondent Carrasco, Labor Commissioner, $1,375.39. The balance of $115.26 remaining after paying $62.50 court reporters' fees, was awarded Steele. He appeals from the judgment insofar as it denies him recovery of the full amount owing to him under his unpaid judgment for $1,421.12.

Sections 1206 and 1207, Code of Civil Procedure, provide that upon the levy of an attachment, garnishment or execution, not founded upon a claim for labor, any person who has performed work for the defendant within ninety days prior to the levy may file a verified statement of his claim with the officer executing the writ and a copy with the court which issued the writ and give copies to the plaintiff and defendant. Within five days either plaintiff or defendant may file a dispute of claim. The claim, not exceeding $200, must be paid by the officer, if not disputed, upon the expiration of the time

for filing a dispute, from the proceeds of levy remaining in his hands or collectible. Rogers and the Labor Commissioner are assignees of a number of labor claims, each for less than $200.

If a claim is disputed by either plaintiff or defendant the claimant must within ten days petition for a hearing in the court having jurisdiction of the action on which the writ is based. If the judgment entered upon such hearing allows the claim it is a preferred claim to be paid immediately after the order allowing the claim becomes final. An appeal may be taken from the judgment on the claim.

In the action brought by Steele against the association, Steele disputed labor claims filed under section 1206 by Rogers and by the Labor Commissioner, in the respective amounts of $1,025.70 and $413.25. In the hearing held on these claims the court made its order on February 28, 1939, that Rogers' claim be allowed priority for $450, that of the Labor Commissioner for $218. The order recites that it was made pursuant to stipulation.

Claims filed by one Adams for $4.50 and by Holmes for $125.20 were not disputed, and hence no hearing was held on them.

The present action in interpleader was filed by the sheriff on March 15, 1939, by reason of other claims than those of Steele and the labor claimants. These other claims were subsequently abandoned. The judgment in the interpleader action found that Rogers was entitled to receive $450 from the fund, the amount provided by the order of February 28, 1939. Judgment was given for the Labor Commissioner for $1,375.39. This includes the sum of $218, for which the commissioner was allowed priority by the order of February 28, 1939, an unpaid balance of $25.50 on the Holmes' and Adams' claims, which were not disputed, and an additional amount of $1,131.89. During the pendency of the interpleader action additional labor claims for $1,746.86 were filed by the Labor Commissioner, as assignee, in the action in which Steele was plaintiff, and an order was subsequently made allowing these claims for $1,131.89.

■ The judgment in the interpleader action cannot be sustained insofar as it includes the award of $1,131.89. That portion of the judgment was based on an order made in a claims hearing under section 1206, Code of Civil Procedure, in the action in which Steele was plaintiff. The order

618

would not be res judicata until it had become final. (15 Cal. Jur., 121 and 286, citing authority.) It was not final when judgment was rendered in the interpleader action and has since been reversed by Division Two of this court. (*Steele* v. *International Air Race Association of America,* 50 Cal. App. (2d) 176 [122 P. (2d) 593].) ■ This court may take judicial notice of the reversal. (*Sewell* v. *Johnson,* 165 Cal. 762 [134 Pac. 704, Ann. Cas. 1915B, 645].)

Whether the Labor Commissioner or appellant Steele will ultimately receive this sum depends on what further proceedings have been taken in the claims proceeding pursuant to the reversal by the appellate court. The order was reversed for failure of proof on a vital issue.

■ The judgment in the interpleader action insofar as it awards Rogers $450 and the Labor Commissioner $218 is based on the order of February 28, 1939, heretofore referred to as made in the action in which Steele was plaintiff. For the first time on this appeal Steele contends that this order is not final because it does not appear that it was entered. Neither does it appear that it was not entered.

A judgment is not effectual for any purpose until entered. (§ 664, Code Civ. Proc.) The time for taking an appeal does not commence to run until entry of judgment. (§ 939, Code Civ. Proc., 14 Cal. Jur. 938; 2 Cal. Jur. 397, citing cases.) The prayer of Steele's answer to the complaint in interpleader, filed March 28, 1939, was that he recover the fund of $2,003.15, less the labor claims allowed by the February order, and the undisputed claims of Holmes and Adams. This prayer, coupled with Steele's admission of allegations of the complaint with regard to the order, is in the nature of an admission that the order of February 28, 1939, was an effective order, that all formalities had been complied with. Such a concession dispenses with affirmative proof that the judgment was entered. When the interpleader action came on for trial in April, 1940, the order of February 28, 1939, had become final by lapse of time.

■ Appellant Steele also contends for the first time on appeal that the order of February 28, 1939, although based on his stipulation, is void for the reason that the claims of Rogers and the Labor Commissioner were not for work done within ninety days of levy of attachment, execution or garnishment. Under section 1206, Code of Civil Procedure, labor claims to be allowed priority must be for work performed within ninety days prior to levy of attachment, execution or

garnishment. The claims of Rogers and the Labor Commissioner were for work done in May and June, 1938. Execution was levied in the Steele action on February 6, 1939. The work was not performed within ninety days of that levy.

The ground of reversal of the order allowing claims for $1,131.89, made in the later claims proceeding, was that it did not appear from the record on appeal that an attachment had ever been levied on the fund which would authorize the filing of labor claims. (*Steele* v. *International Air Race Association, supra.*) The labor claims which were the basis for that order were also for work done in May, 1938. The appeal from the later order constituted a direct attack on that order. No appeal was taken from the consent order of February 28, 1939. Any attack on that order made in the present interpleader action is, therefore, a collateral attack and governed by the rules of such attack.

The complaint in interpleader alleged the levy of an attachment on June 6, 1938. The answers of appellant Steele and of respondent Rogers and the Labor Commissioner admitted these allegations. In addition, Steele's answer contains particular allegations with reference to a June attachment. He alleged that a writ of attachment issued on June 2, 1938, which was delivered to the sheriff on June 6, with instructions to levy on the fund in possession of the sheriff, and that an attachment was levied on that date. Steele's admission in his answer of the validity of the February order, based on this attachment, has heretofore been noted.

Although no question was raised in the trial court as to there being a valid attachment of the fund in June, 1938, which fact was conceded by all parties in their pleadings, the record on appeal shows evidence, doubtless introduced in the general development of the case, which appellant contends disproves the allegations of his own answer and of the other pleadings. Appellant contends that it appears that a writ of attachment issued on June 2 which was served on a bank in an effort to reach funds of the defendant there. The sheriff's return was made on June 2. Nothing was realized from that levy. Appellant contends that a further writ of attachment which could serve as the basis for a levy on the fund in the sheriff's possession was never issued. The evidence as contained in the bill of exceptions is not clear and unequivocal. It is not identical with that on the other appeal.

In view of the admissions in Steele's answer as to the existence and validity of the June attachment and the order of February 28, 1939, it was not required that respondent Rogers and the Labor Commissioner, in order to rely on the order as a conclusive determination of their rights, should establish the order and attachment by proof. As to Steele disproving the allegations, it is the general rule that a party cannot disprove admissions in his pleading. Evidence contrary thereto should not be considered. (*Bloss* v. *Rahilly,* 16 Cal. (2d) 70, 77 [104 P. (2d) 1049] ; *United Air Services, Ltd.* v. *Sampson,* 30 Cal. App. (2d) 135, 144 [86 P. (2d) 366] ; *Chase* v. *Van Camp Sea Food Co., Inc.,* 109 Cal. App. 38, 44 [292 Pac. 179] ; *Burroughs Adding Machine Co.* v. *Harris,* 99 Cal. App. 604, 606 [279 Pac. 216].)

It may be questioned whether the above rule applies with full force where the proof, contrary to admissions of the pleading, shows a prior judgment to be void. In the instant case, however, not only did the appellant admit in his answer that the attachment and order of February 28, 1939, were valid, but there is the circumstance that the order was entered on a stipulation in which appellant participated. It has been held that a party at whose instance a judgment was rendered is not entitled in a collateral proceeding to contend that it is void. (1 Freeman on Judgments (5th ed.) 640; 31 Am. Jur. 92, 180; note, 3 A. L. R. 535, citing numerous authorities; *In re Di Carlo,* 3 Cal. (2d) 225 [44 P. (2d) 562, 99 A. L. R. 990].) The order of February 28, 1939, was based on stipulation. It allowed the claim of Rogers for $450, that of the Labor Commissioner for $218. The claims as filed were for $1,025.70 and $413.25, respectively. The order for the lesser amount was procured at the instance of the parties who joined in the stipulation, including appellant Steele.

While other claims were being asserted on the fund in addition to those of the labor claimants, and while it was to appellant's interest to establish his priority as of an early date, he took the position that he had an attachment lien as of June 6, 1938. In this case he contends for the first time on appeal that he had no attachment lien. But for his position that there was a valid attachment, which would serve as the basis for labor claims under section 1206, the labor claimants may well have sought to reach other property of the debtor, which by lapse of time is lost to them.

The judgment should be affirmed insofar as it awards respondent Rogers $450 and the Labor Commissioner $218.

The judgment of $1,375.39 in favor of the Labor Commissioner also includes the sum of $25.50, which represents the unpaid balance on the Holmes' and Adams' claims, which had not been disputed. Copies of these claims were attached to the complaint in interpleader. They show that the claims were filed by Adams and Holmes personally, rather than by the Labor Commissioner as assignee. There is no showing of any subsequent assignment. Holmes and Adams were not made parties defendant to the interpleader action. The judgment for $25.50 in favor of the Labor Commissioner, not shown to be an assignee of Holmes and Adams, should be reversed.

The judgment is reversed insofar as it awards the Labor Commissioner $1,131.89 and the additional sum of $25.50. Other portions of the judgment appealed from are affirmed.

Peters, P. J., and Knight, J., concurred.